McDaniel v. Yuba County.

---

## McDANIEL v. YUBA COUNTY.

In a suit by a physician against a county on a contract for his services for one year as Examining Physician of the hospital, the objection, that he is not a graduate of a legally constituted medical institute, if good at all, cannot be taken by demurrer, unless the demurrer distinctly present the objection.

If, after such a contract, which compels the physician to perform such services only as the Supervisors might require, they put it out of his power to render the services, he is still entitled to his salary.

The Board could not abrogate the contract, by rescinding the order under which plaintiff was appointed, or abolishing the office.

Clear distinction between an office constituted by legislative act, and a contract made with a party, to render for a stated period certain services, though these services are to be rendered in a capacity in the nature of a public office or employment.

APPEAL from the Tenth District.

The Court overruled the demurrer, and after trial, gave final judgment for plaintiff.   Defendant appeals.

*F. L. Hatch,* District Attorney, for Appellant.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

The plaintiff sued the defendant to recover a sum of money agreed by express contract to be paid him by the Supervisors, as Examining Physician of the hospital for the county for one year, from the 17th October, 1856, to 17th October, 1857.   The complaint avers that he entered upon the duties of the office or appointment, and was ready to perform at all times the duties imposed by the contract as they should be required.

The defendant demurred, and at the same time answered. The answer was general, denying the contract, rendition of the services, etc. and the demurrer denied the right to recover upon the facts, upon the ground, among other things, that no legal contract was shown or proven on the part of the county to contract.

It is alleged here for error, that the complaint does not show that the plaintiff was a graduate of a legally constituted medical institute, which he must have been in order to entitle him to recover, or to be the recipient of the contract mentioned in the complaint.

Whatever merit might be in this point if it were directly presented by the demurrer, we think that the demurrer for this cause should have distinctly presented it.   This was not done. The other point is not well taken.   The complaint sufficiently shows the contract, and that the plaintiff complied with its terms.   The contract only required him to render such services as might be required of him in the capacity in which he engaged to act (as a lawyer to give professional advice,) and if the Supervisors either put it out of his power, or disabled him from rendering these services, we do not see that he is not entitled to the salary agreed upon.

The contract having been made by the Board of Supervisors, it was not in their power to abrogate it by rescinding the order under which the plaintiff was appointed, or abolishing the office. This has been often decided.   The distinction is very apparent

between an office constituted by legislative act, and a contract made with a party to render for a stated period certain services, though these services are to be rendered in a capacity in the nature of a public office or appointment.

We think on the whole case, that the judgment should be affirmed.