CHARLES F. FAULK v. H. L. McCARTNEY, *as Director of School District No. 6, of Finney County.*

1. CONTRACT *between Teacher and School Board, to be in Writing.* A contract between a teacher and the school-district board must be in writing, but it is not necessary that it be reduced to writing during a session of the district board; it is enough if the contract, though made in parol, be entered into at such session; it may be reduced to writing and signed after the board has adjourned.

2. DIRECTOR — *Duty to Sign Orders.* It is the duty of the director of a school district to sign all orders drawn by the clerk upon the treasurer of the district which are authorized by the district board.

*Error from Finney District Court.*

THE opinion states the case.

*Brown, Bierer & Cotteral,* for plaintiffs in error.
*Morgan, Lowrance & Mason,* for defendant in error.

Opinion by HOLT, C.: This action was brought by Charles F. Faulk, plaintiff in error, for the purpose of compelling

the defendant, as director of School District No. 6, Finney county, to sign an order on the district treasurer for the payment of $40 for wages as teacher for one school month. The Hon. A. J. Abbott, judge of the twenty-seventh judicial district, granted an alternative writ of *mandamus.* On January 1, 1888, in the Finney district court, a motion to quash the alternative writ was sustained. The plaintiff brings the case here for review.

It is claimed that the alternative writ of *mandamus,* treated as the petition of plaintiff, did not state facts sufficient to constitute a cause of action, for two reasons: first, that it is not shown that the contract between the teacher and the school-district board was in writing; second, that the director is not required by law to sign the orders drawn by the clerk upon the treasurer for the payment of teachers' wages. In the alternative writ it is alleged that the plaintiff and the school district entered into a contract to teach the district school in District No. 6 for six months at $40 per month, payable at the end of each month.

The general allegations that the contract between plaintiff and the school district was in writing are sufficient, but defendant contends that these general allegations are limited by the following part of this writ, namely: "That said written contract was entered into by and between said plaintiff and said school district in pursuance to and with an agreement, verbal contract, and order, previously thereto made and entered into by and between said plaintiff and said school district at and during a meeting of said school-district board, held as aforesaid, prior to so making and entering into said agreement, verbal contract, and order." A general allegation cannot be held to be any broader or more effectual than the special circumstances that are detailed in the pleading; therefore we are called upon to pass directly upon the question as presented by the charges specially detailed as above set forth. There was a contract entered into between the plaintiff and the district board, not by a part of the members thereof, but by the district board; that contract, being in parol, was afterward

reduced to writing. It may have been done immediately after the adjournment of the board; in any event, the contract is embodied in writing made and authorized by it. It was the contract of the board, and was reduced to writing. Probably a majority of the contracts for teachers' wages in the state are made in parol, and afterward reduced to writing; it may be done at a meeting of the district board — that is the better way; it may, however, be directed to be done at that time and immediately afterward reduced to writing and signed by the parties. In this case the contract was signed by the treasurer and countersigned by the clerk; ordinarily the contract is signed by the director, but we know of no rule that would prevent the treasurer from signing instead of the director. The main fact to be determined is, whether the board made this contract; if it did, it could be reduced to writing and signed by the director or the treasurer. The law requiring the written contract between the teacher and the district board was sufficiently complied with in this instance.

It is the manifest duty of the director to sign all orders drawn by the clerk upon the treasurer for moneys to be disbursed by him. Section 36, chapter 92, defining the duties of the director, is:

"The director of each district shall preside at all district meetings, and shall sign all orders drawn by the clerk . . upon the treasurer of the district for moneys collected or received by him to be disbursed therein."

Section 47, id., defining the duties of the treasurer, is:

"The treasurer of each district shall pay out, on the order of the clerk signed by the director of the district, all public moneys which shall come into his hands for the use of the district."

These provisions are explicit and comprehensive; they are not abrogated, limited or modified by § 39, which refers solely to the duties of the clerk. It was the imperative duty of the defendant as director of the school district to sign the orders when presented to him for his signature; he had no discre-

tion in the matter.    The court should have compelled him to do his plain duty.    .

We recommend that the judgment be reversed.

By the Court: It is so ordered.

All the Justices concurring.