9  103
16  367

[No. 1193.   Decided June 5, 1894.]

W. Q. WEBB, *Appellant*, v. THE COUNTY OF SPOKANE, *Respondent*.

COUNTIES — EMPLOYMENT OF COUNTY PHYSICIAN — RESCISSION OF CONTRACT.

Where a physician has been employed for the term of one year by county commissioners to attend the poor of the county and has accepted the employment and entered upon the discharge of his duties, the contract cannot be afterwards rescinded by the county, although extending for a period beyond the terms of the commissioners making it.   (SCOTT and HOYT, JJ., dissent.)

*Appeal from Superior Court, Spokane County.*

*W. D. Scott*, and *Prather & Danson*, for appellant.

*Fenton & Henley*, and *L. H. Plattor*, for respondent.

The opinion of the court was delivered by

ANDERS, J.— On January 4, 1892, by an order of the board of county commissioners of Spokane county, at a regular session, the appellant was employed as county physician of said county for the term of one year, beginning February 14, 1892, and ending February 14, 1893, at a salary of $100 per month.   On February 11, 1892, the board concluded to reconsider and annul the contract with the appellant, and to receive bids for county physician up till 10 o'clock A. M. Saturday, February 13, 1892, and on February 25, 1892, the board appointed Dr. Johnson county physician for the year ending February 25, 1893, at a salary of $85 per month.   Until February 25, 1892, the appellant performed the duties of county physician, but he was then requested to turn over to Dr. Johnson all medicines and other property in his hands belonging to the county, and the sheriff was likewise requested to proceed and take possession of and deliver the same to said

Dr. Johnson. Some time after Februry 14, 1893, appellant instituted this action to recover the amount which he claimed to be due under his said contract with the said board of commissioners.

The complaint sets forth the contract alleged to have been entered into between the plaintiff and the defendant, and alleges that in pursuance of said employment the plaintiff entered upon his duties as such county physician and performed all services according to the terms of said agreement until the 25th day of February, 1892, when said board of county commissioners, without cause, discharged the plaintiff and refused to allow him to perform said services as such county physician, and that during all of said time the plaintiff was ready, able and willing to perform said services according to the terms of said agreement of employment, and so notified said board of county commissioners. It is further alleged that the claim sued upon was presented to the board of commissioners and payment thereof demanded and refused. The defendant answered by a general denial, and the cause proceeded to trial upon the issues thus raised. After the plaintiff had introduced his testimony the court ordered a non-suit on motion of defendant, and entered judgment for costs against plaintiff, to reverse which order and judgment this appeal is prosecuted.

This case, as presented and argued by counsel, involves but one question for the determination of this court, and that is, was there a valid contract entered into by and between the appellant and the board of county commissioners? It is provided by statute that "the board of county commissioners of the several counties of this state are hereby vested with entire and exclusive superintendence of the poor in their respective counties" (Gen. Stat., § 3087), and it seems to be conceded by the respondent, and it could not well be denied, that the board of county commissioners,

under this provision, had a right to provide for the services of a county physician by contract.  But it is contended that, inasmuch as the term of office of each of the commissioners with whom the agreement was made expired on January 9, 1893, they had no authority to enter into a contract extending beyond that date, and that such a contract is contrary to public policy and void.

This identical question arose in the well considered case of *Board of Commissioners v. Shields*, 130 Ind. 6 (29 N. E. 386), and was decided adversely to the respondent's contention.  In that case the board of commissioners of Pulaski county, Indiana, by written contract, employed the appellee Shields to superintend the county asylum and poor farm of that county for the term of five years from April 1, 1884.  The principal controversy in that case, as in this, was as to the validity of the contract, the county insisting that it was void.  And in discussing this question the court said:

"It is insisted, however, that this contract is void upon other grounds—that it is in contravention of public policy, for the reason that to uphold it would put it in the power of one board of commissioners to bind the hands of its successors, and that it operates as an unwarranted abridgement of the 'administrative, executive and legislative' powers of the board.  The first of the reasons assigned rests upon an erroneous conception of the constitution of the board of county commissioners—that that body consists of a series or succession of boards, one following the other.  As we have heretofore said, the board of commissioners is a corporation, representing the county.  From a legal standpoint it is the county, as is said in *State v. Clark, supra*.  It is a continuous body.  While the *personnel* of its membership changes, the corporation continues unchanged.  It has power to contract.  Its contracts are the contracts of the board, and not of its members.  An essential characteristic of a valid contract is, that it is mutually binding upon the parties to it.  A contract by a board of commissioners, the duration of

which extends beyond the term of service of its then members, is not, therefore, invalid for that reason."

That the law is correctly stated in the foregoing quotation seems, to our minds, to admit of no doubt. And it is conceded by the learned counsel for the respondent that the board of county commissioners has the right in some cases to enter into contracts, the performance of which would extend beyond their term of office — such as a contract for the erection of county buildings — but it is suggested that such contracts are founded in necessity and not in principle. But it seems to us that such contracts are in fact founded in principle, and are within the legitimate powers of such boards. When the board of commissioners in this case proposed to employ the appellant for the period of a year, and he accepted such proposal, a contract was created which was binding upon both parties, and could not be rescinded at the mere will of either. *McDaniel v. Yuba County*, 14 Cal. 444.

For aught that appears the agreement was entered into in good faith, and, if so, it ought not to be set aside for the reasons assigned.

The judgment is reversed, and the cause remanded for further proceedings.

DUNBAR, C. J., concurs.

STILES, J. (*concurring*).—I concur in the reversal, because the contract made with appellant was reasonable under the circumstances; but I do not wish to be understood as subscribing in full to the doctrine enunciated in the case cited from Indiana.

SCOTT and HOYT, JJ., dissent.