[*No. 2498. Decided January 26, 1897.*]

A. N. TAYLOR, *Respondent*, v. SCHOOL DISTRICT No. 7, CLALLAM COUNTY, *Appellant.*

SCHOOL DISTRICT — CONTRACTS — EMPLOYMENT OF TEACHER.

A school district may make a valid contract for the employment of a teacher for the succeeding year, although the term of one of the school directors engaged in making such contract will have expired before the commencement of such employment.

Appeal from Superior Court, Clallam County.—Hon. JAMES G. McCLINTON, Judge. Affirmed.

*George C. Hatch,* for appellant.

*W. L. Marquardt,* for respondent:

A board of school directors is a continuing body and may enter into a contract with a school teacher to teach a term of school beginning in the year next succeeding that in which the contract was made, and after the date of the expiration of the term of one of the members of the board. *Tappan v. School District,* 44 Mich. 500; *Caldwell v. School District,* 55 Fed. 372; *Gates v. School District,* 14 S. W. 656; *Renbelt v. School District,* 106 Ind. 480; *Webster v. School District,* 16 Wis. 317.

The opinion of the court was delivered by

REAVIS, J.—On the 28th day of June, 1895, the defendant, by a majority of its board of directors, employed plaintiff to teach in the public schools of the district for the term during the school year commencing the first day of July, 1895, and ending the last day of June, 1896, at the rate of seventy dollars per month. At the time the contract was made the election for school officers for the ensuing year had been

held. When the contract was made the school board consisted of McGeorge, Graham and Hatfield. At the election held on the second Monday of June, Eacrett was elected to succeed Graham. After the board was reorganized following the election, it refused to recognize the contract previously made with plaintiff, and the present action was instituted to recover damages for breach of contract.

A general demurrer was interposed to the complaint and overruled. The defendant then answered denying the essential paragraphs of the complaint, and set up the affirmative defense that McGeorge and Graham, on the 20th of June, 1895, for the fraudulent and unlawful purpose of forcing the district to employ plaintiff to teach said school, did conspire with plaintiff to that end, and did, against the known wishes of the board as reorganized by said election, make the contract set out in the complaint; and that at the time the contract was made with plaintiff, Hatfield, one of the directors, opposed hiring plaintiff to teach the school, and that the newly elected director was also opposed to engaging plaintiff. To this affirmative defense plaintiff interposed a demurrer on the ground that sufficient facts were not stated to constitute a defense. The demurrer was sustained.

There is but one question presented in this cause. Can a board of directors of a school district make a valid contract with a teacher for a term of school to begin in the next succeeding school year and after the term of one of the directors has expired? We think the demurrer to the affirmative defense set up in the answer was properly sustained. There was no act constituting fraud in the execution of the contract alleged; making the only question one of power of the board to make such a contract.

The district school board is a corporation represent-
ing the district. It is a continuous body. While the
personnel of its membership changes, the corporation
continues unchanged. It has power to contract. Its
contracts are the contracts of the board, and not of its
individual members. An essential characteristic of a
valid contract is that it is mutually binding upon
both the parties to it. A contract by a school board
the duration of which extends beyond the term of
service of one of its members is not therefore invalid
for that reason.

The cases cited by appellant, *Stevenson v. School Di-
rectors*, 87 Ill. 255, and *Davis v. School Directors*, 92 Ill.
293, discuss the statutes of Illinois creating school
boards and lay stress upon provisions in those laws
which are not contained in the laws of Washington.
The case of *Webb v. County of Spokane*, 9 Wash. 103
(37 Pac. 282), may be well applied in support of the
validity of the contract in this cause.

The judgment is affirmed.

DUNBAR and GORDON, JJ., concur.