### GEORGE SAILOR v. J. J. CALDWELL.
#### No. 12,636. ( 68 Pac. 1085.)

SYLLABUS BY THE COURT.

EVIDENCE—*Authority of Physician to Practice—Presumption from Record upon Review.* Where the record shows that a paper marked "Exhibit A" was offered in evidence, and objections of the opposing party were overruled by the court, and where counsel for such opposing party, in his cross-examination of the witness who produced such paper, refers to the same as "Exhibit A," and as having been "introduced in evidence," and where, at the close of the testimony of such witness, a paper of the general character as that about which the witness has testified, marked "Exhibit A," is shown in the record, no other paper thus marked having been theretofore referred to, it will be presumed that, at the time such exhibit was offered in evidence, it was duly read to the jury.

Error from Montgomery district court; F. J. FRITCH, judge *pro tem.* Opinion filed May 10, 1902. Affirmed.

*Clark & Brown,* for plaintiff in error.
*T. S. Salathiel,* for defendant in error.

The opinion of the court was delivered by

ELLIS, J. :  This was an action brought by defendant in error to recover for medical services claimed to have been rendered by him to the infant son of plaintiff in error.  Upon the trial, the fact that such services were rendered was not disputed, but it was claimed by plaintiff in error that the defendant in error was not entitled to recover therefor because he was not authorized to practice medicine under the laws of this state.  The action was originally commenced in justice's court, and the plaintiff's bill of particulars, as amended, averred in an informal manner that the plaintiff was entitled to practice medicine in Kansas. The defendant below did not specifically challenge the allegation above referred to, though he objected to any evidence upon the ground that the bill of particulars did not state a cause of action.  Upon the trial in the district court the physician recovered judgment for a small amount, to reverse which these proceedings in error were instituted.

In this state, pleadings in justices' courts are libererally construed, and ''it is sufficient if a bill of particulars, in a case before a justice, states the essential facts, no matter how rudely and inartistically, yet so that the defendant is not misled, but clearly informed of the exact claim made upon him.''  (*Missouri, K. & T. Ry. Co. v. Brown*, 14 Kan. 557.)    The early decision from which the above quotation is made has been followed up to the present day.    Our statute provides, in substance, that upon an appeal from a justice's court the action shall be tried upon the original pleadings, unless the court, in furtherance of justice, requires others to be filed, and it follows, at least in those cases where no new pleadings are on file, that

Sailor v. Caldwell.

the rules of construction applicable to justices' courts govern at the trial upon appeal.

The plaintiff below offered in evidence a certificate of membership in the Eclectic Medical Association of the state of Kansas, chartered February 15, 1871. To the reception of this certificate in evidence, when offered, the defendant below objected, and the record shows that the objection was overruled, but fails to show, in terms, that the paper was then read to the jury. In this court counsel for plaintiff in error insist that, because it is not recited in the case-made that the certificate was read, this court must presume that such was not the fact. It was marked "Exhibit A" and thus identified by the witness at the time it was offered. Later on, in the cross-examination of the physician, counsel for plaintiff in error asked this question : "This certificate that has been introduced in evidence, marked 'Exhibit A,' was that given to you after you took the lectures?" *Answer.* "Yes, sir ; it was some time after I attended the lectures—ten or eleven years." This is certainly an admission that the paper had been "introduced in evidence," which implies that it had been read to the jury. At the close of the direct evidence of plaintiff below, this paper marked "Exhibit A" is set forth in the record, and, while it is not referred to as the paper thus marked and originally offered in evidence, there was no other "Exhibit A" referred to in the testimony, and it thus sufficiently appears that this particular paper was in fact formally received in evidence and considered by the jury. The opposing contention of counsel for plaintiff in error receives no sanction from the record, and is fairly disputed thereby. That certificate, on its face, shows sufficient authority to the physician therein named to practice medicine for com-

pensation in this state, and we think, under the liberal rule of construction heretofore referred to, it was admissible in evidence under plaintiff's amended bill of particulars.

It may be said, however, that it is, at least, doubtful whether the sufficiency of the allegation of qualification to practice contained in the bill of particulars was ever properly challenged by defendant below. In the case of *McDaniel v. Yuba County*, 14 Cal. 444, it was held that an objection that a physician was not a graduate of a legally constituted medical institute, if good at all, could not be taken by demurrer, unless the demurrer distinctly presented the objection. In this case, we do not think that an objection to the evidence upon the general ground that the bill of particulars failed to state a cause of action would be likely to attract the attention of the court to the failure to allege specifically the authority of the physician to practice medicine.

For the reason that the aforesaid certificate proved *prima facie* that the plaintiff below was qualified to practice medicine for hire, it is unimportant that the court erroneously instructed the jury in effect that such plaintiff might be regarded as qualified if he had practiced medicine continuously for ten years within this state. As the evidence of the physician showed conclusively that he had not practiced for ten years previous to 1870, the instruction was not authorized. (*The State v. Wilson*, 61 Kan. 791, 60 Pac. 1054.)

The other allegations of error presented are without substantial merit, and this is especially true of the claim that the cross-examination of the doctor was unduly restricted by the court. We are clearly of opinion that the court permitted a sufficiently extended cross-examination of such witness. Answers to the ques-

tions excluded would not have tended to elucidate any fact in issue, and they certainly did not relate to any matter brought out in the direct examination.

The judgment of the district court is affirmed.

DOSTER, C. J., JOHNSTON, J., concurring.