## RIVERS v. SCHOOL DIST. NO. 51, NOBLE COUNTY.

Nos. 6534-6537—Opinion Filed April 23, 1918.
(172 Pac. 778.)
(Syllabus.)

### Schools and School Districts — Teachers — Validity of Contract—Recovery of Salary.

Contracts made between teachers and officers of a school district for teaching district

schools for a term extending beyond the time when the term of such officers will expire are not, for that reason, invalid; but where, on account of insufficient funds available to support the term provided for in said contracts, the electors of the district at the next annual school meeting, contrary to said contracts fixing the term of school at "eight months or less, limited to the funds available for the school year of 1913-14," fix it for eight months and reduce the number of salaries fixed in the contracts to conform to the, funds available to support the said term, held, that the contracts, being inconsistent with the decision of said electors, were invalid; that the contracting teachers cannot recover thereon, but such of them as taught in lieu of other teachers later contracted with by the succeeding officers of the district pursuant to the decision of the electors at said meeting are entitled 'to recover the salaries fixed therein for the teachers in lieu of whom they taught.

Error from County Court, Noble County; L. B. Robinson, Judge.

Four actions, one by Alpha Rivers, one by Anna Campbell, one by Myrtle Lane, and one by Elsie Roads, all against School District No. 51 of Noble County. Judgment for defendant, and plaintiffs bring error. Affirmed.

(Former opinion, published in 156 Pac. 236, withdrawn.)

P. W. Cress, for plaintiffs in error.

Henry S. Johnston, for defendant in error.

TURNER, J. This suit was brought by Alpha Rivers as plaintiff below, who will hereafter be referred to as plaintiff, on a written contract of employment as a teacher in district No. 51, a rural school. At the same time, Anna Campbell, Myrtle Lane, and Elsie Roads each brought a suit practically identical in all the details and purposes against the same defendant. By agreement of counsel, the proof in this case is to apply in the others, and the decision in the one shall control all of them.

For a cause of action plaintiff set out that she had on April 28, 1913, entered into a written contract with the officers of said school district, to wit, C. W. Swearingen, director, H. Schubert, clerk, and M. H. Whaley, treasurer, by the terms of which she was employed to teach in the school the following school year at a salary of $50 per month; and she sued for this salary for the months of September, October, and November, 1913; that she had taught these three months, and payment according to the contract had been refused. The defendant, school district No. 51, set up numerous defenses, including the following: (1) That the contract was in-

valid because not made at a meeting of the board, with notice to the members, and as a board action; (2) that Schubert, at the time of signing the contract, lacked mental capacity; (3) the plea that the contract sued upon had been adjudicated to be invalid, and the plaintiff perpetually enjoined from asserting any right to teach under the same by a decree of the district court which had not been appealed from, and had therefore become final.

The cause was tried to the court, and a decision rendered against the right of plaintiff to recover on the contract; but that this particular plaintiff and Anna Campbell were entitled to pay for the three months at the rate of $40 per month, not because of the contract sued on, but because they had been employed to teach these three months by filling vacancies in the teaching corps employed by the new board. The other two plaintiffs, Roads and Lane, were denied a recovery. All, however, appeal, claiming rights under the contract held invalid. A brief statement of some of the material facts seems necessary and it follows:

In April, 1913, the school board consisted of two rival factions. A majority of the members made the contracts with the four teachers for the next year, fixing their salaries at $60 and $50 respectively. June 3, 1913, the electors of the school district met in the annual school meeting, and provided for an eight months' school, but decided to pay $50 and $40 per month salaries for the places these plaintiffs claim the right to fill; the electors also refused to vote any additional levy of funds, which would have been necessary if the higher salaries were to be paid. At this meeting, the personnel of the official board was also somewhat changed. Before the fall term of school opened, the new board, claiming that the contracts involved were invalid because the amounts to be paid were in excess of the school funds provided at the annual school meeting, employed new teachers for these four positions at salaries named by the electors. School opened with the new teachers in charge, and was run about a week, when the four teachers involved here went to the school and tried to, and probably did, take charge of the various rooms; at least for a time each room had two teachers in it, both claiming authority. The new board then appeared on the scene and put the old teachers out. At this juncture, C. W. Swearingen, a hold-over member of the board, filed a suit in equity in the district court, naming the school district as plaintiff; signing the petition "C. W. Swearingen, director of school district No. 51, Noble county, Okla.," and making the other directors and

the four new teachers defendants, and asking that they all be enjoined from interfering with the contracts involved here.    In this petition, plaintiff herein and the other three plaintiffs are mentioned by name, and their contracts with the old board and their rights to teach, and the threatened violation of such contracts and rights by other members of the board and the new teachers are fully set out as a basis for the injunctive relief asked.    This petition in equity is verified by this plaintiff and the other three plaintiffs, who make oath that:

"She has read the above and foregoing petition; knows the contents thereof, and that the statements therein contained are true."

One of the plaintiffs, it appears, also made affidavit of the absence of the district judge, as a basis of authority for the county judge to act.    A temporary injunction was issued on this petition by the county judge, thus invested with authority, temporarily protecting the rights of plaintiffs.    The defendants in that suit, the members of the school board and the new teachers, answered and pleaded over, bringing into the case the contracts affecting both the old and new sets of teachers, among other things, and the case was tried by the district court, and the contracts here involved were held invalid and these plaintiffs were perpetually enjoined from claiming rights thereunder.

The court found that, while the contracts had been made by a regularly constituted board, nevertheless they were invalid because the electors of the district at the next annual meeting, held June 3, 1913, had the right to and did determine that eight months of school should be taught, and that, as the district had defeated at an election held for that purpose an extra levy, and the total amount of the salaries fixed in the contracts was $330 in excess of the whole general fund available, leaving nothing for repairs, fuel supplies, and janitor service, said contracts were inconsistent with the action of the district in fixing the term for eight months and reducing the salaries of the number of teachers provided for therein to correspond to the fund available, and for that reason said contracts were void.    The court was right.

As Rev. Laws 1910, § 7788, provides that the qualified voters of a school district, at their annual meeting, may determine the length of time a school shall be taught in their district for the ensuing year and when, and whether the school money shall go to support a summer or a winter school, and that if such matters shall not be determined by

them it shall be the duty of the district board to determine the same, it would seem that no citation of authority, aside from the statute, is required to support the proposition that, when the district board determined, as it did, in advance of the electors at the annual meeting the length of time the school should be taught for the ensuing year, and in the contract fixed the term at "eight months, or less, limited to the funds available for the school year of 1913-14," the contract to that extent was subject to be upset by the subsequent action of the annual meeting, and was upset when at that meeting it was determined to have an eight months' school and no less.    And it would also seem to require no citation of authority to support the proposition that, as there were not sufficient funds available to support a school for eight months at the salaries agreed to be paid the teachers provided for in said contracts, but was sufficient to pay the salaries of the same number of teachers at the salaries voted at the meeting, it is clear that the stipulations in the contracts, both as to the length of the term and the salaries to be paid, being inconsistent with the will of the electors expressed at the meeting, must fall.    It must fall, not for the reason that the teaching term provided for in said contract extends beyond the time when the term of office of the officers of the district making it expires, but, as stated, for the reason that it is contrary to the determination of the electors of the district at their next annual meeting expressed upon matters delegated to them by law.    School Dist. v. Ward, 40 Okla. 97, 136 Pac. 588.

Webster v. School Dist., 16 Wis. 316, was a suit on a contract for wages, as here.    The court refused to admit the contract in evidence on the ground that the officers of the district executing the same had no authority to bind the district for a greater length of time than until the expiration of their term of office. Passing on this point, the Supreme Court said:

"The contract with the plaintiff in error was not void for want of authority in the officers of the district to make it.    In the absence of any special and inconsistent determination of the qualified voters at the last annual meeting, and subject to their power at the next, or of the new board, to determine with respect to the length of time a school should be taught, whether by a male or female teacher, or both, and the application to be made of the moneys received from the school fund and the town, the power of the clerk, with the consent of the director or treasurer, or both, to contract with and hire a qualified teacher, and bind the district, was general. * * * Without such previous determ-

ination, the contract was beyond all question good until the next annual meeting, and thereafter, provided no contrary directions were then given by the voters, or subsequently by the new board, in case the voters neglected to act. Unless rejected in one form or the other, and proper notice thereof given to the plaintiff in error, the district was still liable for all services duly performed under it. Having been entered into by competent authority, its prima facie validity continued until the contrary was shown, the burden of which was upon the district. It should therefore have been received in evidence, leaving the district to establish its invalidity by showing, if such were the fact, that it had been in due form rejected."

Such inconsistency afforded the succeeding board the right to abrogate the contract and enter into the contract with the second set of teachers, embodying the determination of the electors of the district then expressed. 35 Cyc. 1079, says:

"In the absence of a statutory provision limiting either expressly or by implication the time for which a contract for employment of a school teacher may be made to a period within the contracting school board's or officer's term of office, such board or officers may bind their successors in office by employing a teacher or superintendent for a period extending beyond their term of office, or for term of school succeeding their term of office, provided such contract is made in good faith, without fraud or collusion and for a reasonable period of time; and the succeeding board or officers cannot ignore such contract because of mere formal and technical defects, or abrogate it without a valid reason therefor."

We are therefore of opinion that, on account of the inconsistencies mentioned, the contracts sued on were avoided, and the court did right to hold them so, and that plaintiffs had no right to recover thereon the salaries therein provided; that the contract made by the succeeding board was good; and that the court did right to protect the same and the teachers operating thereunder by injunction and in restraining the enforcement of the contracts sued. But inasmuch as plaintiffs Alpha Rivers and Anna Campbell were permitted to teach, not in virtue of their contracts, but in lieu of two of the teachers under the second contract, that the judgment in their favor for $120 each for teaching thereunder must stand.

We can consider no question sought to be brought here on cross-appeal, for the reason that more than six months had expired since the rendition of the judgment before said cross-appeal was filed in this court.

Let the judgment be affirmed, and the same order be entered in causes Nos. 6535, 6536, and 6537.

All the Justices concur.