(No. 6214. July 8, 1935.)

MEMPHIS L. CORUM, Appellant, v. COMMON SCHOOL DISTRICT NUMBER TWENTY–ONE, a Municipal Corporation, Respondent.

[47 Pac. (2d) 889.]

Cox, Martin & Ware and R. Hubbard, for Appellant.

Edward C. Butler, for Respondent.

BUDGE, J.—Respondent, Common School District Number Twenty-one, maintains a school at Spalding, Nez Perce county. On the last Monday in March, 1932, a date specified by law as a time for the holding of a regular meeting of the board of trustees of a common school district, C. J. Foss and T. R. Roberts, trustees of the district, having theretofore received an application from appellant for employment as a teacher by Common School District Number Twenty-one, met at the home of Foss and considered appellant's application together with others, and having theretofore advised appellant that her application was being considered, agreed to hire appellant to teach for the ensuing year at the rate of $90 per month plus $5 per month for

janitor work, said employment to begin on the sixth day of September, 1932. Not having the usual forms of contract provided by the State Board of Education, Roberts, who also acted as clerk of the board, was directed to secure the same, and, after having secured the contract forms a contract in triplicate was filled out, signed by Roberts and Foss on behalf of the school district, and was forwarded to appellant on April 2, 1932. The contracts were received by appellant on April 4, 1932, and were then signed by her, one copy being retained by her and the other two copies being returned to Roberts, who retained one copy and delivered the other to the County School Superintendent. At the times heretofore mentioned Eli Hickman, T. R. Roberts and C. J. Foss were the duly elected and qualified trustees of said school district, and appellant at all times was authorized to teach in the common schools of the state.

At the annual school meeting held on the third Saturday of April, 1932, one Margaret Watson was elected trustee to succeed T. R. Roberts, and was also elected at the organization meeting of the board as clerk thereof. Mrs. Watson, by letter dated May 12, 1932, notified appellant that her contract theretofore entered into as above stated was irregular and void, to which letter appellant replied on May 17, 1932, that she expected to perform her contract and would expect the school district to do likewise. Appellant appeared at the schoolhouse of the district on September 1, 1932, having been advised that school would start on that day, and again appeared on September 6, 1932, the date stipulated in the contract that school would start, but was refused permission to teach, both by the teacher in charge of the school and by the trustees of the school district.

The foregoing are the material facts disclosed by the record and are sufficient, we think, to present the questions here for determination.

Appellant brought this action to recover the sum of $855, alleged damages sustained by her by reason of the failure upon the part of the trustees of said school district to permit her to carry out the terms of the contract heretofore referred to. The cause was tried to the court, judg-

ment was entered for respondent, appellant's complaint was dismissed, and this appeal was taken from the judgment.

Appellant assigns and relies upon seven assignments of error which we will not discuss *seriatim,* but we will seek to point out wherein, in our opinion, the trial court erred in dismissing appellant's complaint and in entering judgment in favor of respondent.

It is first contended that on the last Monday of March, 1932, when Roberts and Foss, at the home of Foss, agreed between themselves that they would hire appellant to teach for the ensuing year, they did not enter into an agreement as trustees of the school district such as could later form the basis of a valid contract later reduced to writing and executed and delivered by Roberts as clerk of the board of trustees to appellant. The court in its findings found, among other things, that the agreement entered into between Roberts and Foss, while at the Foss home on the last Monday of March, 1932, was not entered into by them as trustees of said school district, but was entered into between them as individuals. From the entire evidence in this case we have concluded that the court was in error in this respect. Common school districts, when validly organized and existing, are bodies corporate (I. C. A., sec. 32–303), and are governed by a board of trustees—a continuous body. (I. C. A., secs. 32–601, 32–602.) I. C. A., sec. 32–607, provides that:

"The regular meetings of the board of trustees shall be held on the last Mondays of March, June, September and December. Special or adjourned meetings of said board may be held from time to time as the board fixes and determines; in case of special meeting, written notice thereof being given to the members at least twenty-four hours prior to said meeting. A quorum in board of trustees of common and joint common districts for the transaction of business shall consist of any two trustees; . . . . "

Subdivision 16 of I. C. A., sec. 32–615, provides:

"It shall be the duty of each member of the board of trustees to attend all meetings of the board of trustees, both regular and special."

 It is clear from the record before us that Roberts and Foss, a quorum for the transaction of business of the board of trustees, met at the home of Foss on the last Monday of March, a time fixed by law for the holding of a regular meeting, at which time and place they agreed as trustees to employ appellant. Meetings of the board were held at the homes of Roberts and Foss on other dates provided by statute for the holding of regular meetings of the board. Hickman, although chairman of the board, failed to call any meetings of the board and failed to attend any meeting of the board, except the organization meeting following his election. From the statute it does not appear that Hickman was entitled to written notice of the holding of a regular meeting, and the fact that he did not attend the regular meeting would not invalidate the contract. One member of the board should not be, and is not, permitted to defeat or obstruct the transaction of business of the district by failing to call or attend its regular meetings.

 It is also contended that the contract was invalid by reason of the fact that it was entered into prior to the annual school meeting, at which a change in the personnel of the board occurred, for services to commence and to be performed after the annual meeting. This contention cannot be upheld. The board of trustees of a common school district has the power and it is its duty to employ certified teachers on written contract in form approved by the state board of education. (I. C. A., sec. 32–615, subd. 1.) The board is a continuous body or entity; the corporation continues unchanged and has the power to contract; its contracts are contracts of the board and not of its individual members, and the board can make a valid contract with a teacher for a term of school to begin in the next succeeding school year and after the term of one of the trustees has expired. (*Taylor v. School Dist. No. 7 of Clallam County*, 16 Wash. 365, 47 Pac. 758; *Splaine v. School Dist. No. 122 of Spokane County*, 20 Wash. 74, 54 Pac. 766; *School District No. 9 v. Gigax*, 69 Colo. 161, 170 Pac. 184; *Tate v. School Dist. No. 11 of Gentry County*, 324 Mo. 477, 23 S. W.

(2d) 1013; *Rivers v. School Dist. No. 51 of Noble County,* 68 Okl. 141, 156 Pac. 236, 172 Pac. 778; 56 C. J., sec. 312, p. 386; *Webb v. Spokane County,* 9 Wash. 103, 37 Pac. 282.)

The further fact that the contract was not reduced to writing and not executed by Foss and Roberts and appellant until a date later than the regular meeting of the board would not render the contract invalid. The contract being agreed to at a regular meeting of the board it was not necessary to its validity that it be reduced to writing and executed during the session, but it is sufficient if the contract be entered into at such session and reduced to writing and executed after adjournment of the board. (*Cloverdale Union High School Dist. v. Peters,* 88 Cal. App. 731, 264 Pac. 273; *Faulk v. McCartney,* 42 Kan. 695, 22 Pac. 712; and see on ratification, *School District No. 15, in Fremont County v. Wood,* 32 Ida. 484, 185 Pac. 300.)

It is strenuously contended that the contract is invalid for the reason that when it was entered into the salary to be paid under the contract was not within the income and revenue provided for the year in which the contract was entered into and that in order to make such a contract valid and binding it was necessary that the assent of two-thirds of the electors of the district be secured to validate it, and in support of this contention appellant relies upon art. 8, sec. 3, of the Constitution. We have, however, reached the conclusion that the contract involved in this case does not violate art. 8, sec. 3, *supra,* but that it falls, rather, within the proviso to said article reciting: "provided, that this section shall not be construed to apply to the ordinary and necessary expense authorized by the general laws of the state."

The employment of teachers by trustees of common school districts is a duty imposed upon them by law, and the cost thereof is an "ordinary and necessary expense authorized by the general laws of the state," and therefore exempt from the provisions of said article. We do not think it would be consistent to hold that the salaries of city officials and employees come within the proviso above referred to (*Butler v. Lewiston,* 11 Ida. 393, 83 Pac. 234; *Hickey v. City of*

*Nampa,* 22 Ida. 41, 124 Pac. 280), and that the employment of teachers does not fall within the proviso.

Appellant had an apparent opportunity to be employed by other school districts, but declined prior to the time of receiving notice from Mrs. Watson, and had advised the trustees of other school districts that she had already been employed by the trustees of respondent school district. No question of minimizing damages is before us. However, it might be observed in this connection that appellant was asked and made answer to the following questions:

"Q. Now, after September 1st, 1932, when you were refused admittance to the defendant's school house, did you endeavor to secure employment?

"A. Yes sir.

"Q. In any other school?

"A. Yes sir.

"Q. Were you able to secure employment?

"A. No sir."

Respondent did not cross-examine nor introduce any evidence upon this point.

From what has been said it follows that the findings of the court and the conclusions based thereon that no legal or valid meeting of the board of trustees of respondent district was held on the last Monday of March, 1932, and that the purported agreement in writing, signed by Roberts and Foss, trustees, was illegal and void, are not supported by the evidence. The judgment is reversed and the cause remanded, with instructions to the trial court to make findings of fact and conclusions of law and to enter judgment in accordance with the views herein expressed. Costs awarded to appellant.

Givens, C. J., and Holden and Ailshie, JJ., concur.

Morgan, J., deeming himself to be disqualified, did not sit with the court nor participate in the decision.

Petition for rehearing denied.