(No. 6971. April 22, 1942)

THE COUNTY OF BINGHAM, State of Idaho, a Public Corporation of the State of Idaho, Respondent, v. THE COUNTY OF BONNEVILLE, State of Idaho, a Public Corporation of the State of Idaho, Appellant.

(125 Pac. (2d) 315)

Henry S. Martin, for Appellant.

H. William Furchner, for Respondent.

GIVENS, C.J.—Respondent recovered in three respective causes of action: $714.50 for attendance of 31 pupils, residents of appellant county, in the school year 1936-7 at Independent School District No. 30 at Shelley in respondent county; $1,091.87 for 26 pupils in 1937-8; and $1,396.56 for 67 pupils in 1938-9, under section 32-806 I. C. A., as amended by the 1933 Session Laws, Chapter 205, pages 408-9.[1] The complaint alleged the Shelley School

[1] "Section 32-806. Apportionment by County Superintendents.— The county superintendent shall require from the county treasurer quarterly each year a report of the amount of money on hand to the credit of the school fund of his county, not already apportioned, and the county treasurer shall furnish such report when required. The county superintendent, upon receiving such report, shall proceed to apportion the public school moneys in the county school fund, both county and state, reported by the county treasurer to be in the county treasury, among the several school districts in the following manner, to-wit:

"He shall apportion to every school district in the county an amount sufficient, when added to the computed yields of the minimum district levies provided in Section 32-702, Idaho Code Annotated, as amended by this Act, and Section 32-704, Idaho Code Annotated, as amended by this Act, to provide one hundred and twenty dollars ($120.00) per month for each elementary classroom unit in which such district is entitled according to the provisions of Section 3 of this Act and one hundred and sixty dollars ($160.00) per month for each high school classroom unit to which such district is entitled according to the provisions of Section 3 of this Act, for each month or major portion thereof the school of such district was in session during the preceding year; provided, for new districts formed from unorganized territory, new districts formed by the consolidation of existing districts, new districts formed by the division of an organized district, and border districts operating under the provisions of Section 32-305, Idaho Code Annotated, the number of months for which such apportionments shall be made shall be computed as provided in subdivision (a), (b), (c), and (d), respectively, of Section 61-806, Idaho Code Annotated, as amended by this Act. Provided, however, in the event there should be insufficient funds in the county school fund to make the full apportionment to each district as in this section provided, all moneys to be apportioned by virtue of the provisions of this section shall be apportioned to the several districts in pro rata proportion, paying

District never notified respondent's school superintendent of such attendance, hence no certificate thereof was submitted to appellant by the superintendent until 1940.

The sole basis of appellant's resistance by general demurrer to the imposition of these charges, and this appeal, is that the complaint disclosing the certificate had not been given within the time specified in the statute (i. e., October first of each current year) did not state a cause of action.

Judgment was rendered upon the overruling of the demurrer and appellant's failure to plead further.

---

such percentages of each apportionment as the money available in the county school fund will permit.

"Provided, further, no apportionment of moneys from the county school fund shall be made to any district whose school was in session for less than seven months during the preceding year, nor to any district for more than the actual number of months its school was in session during the preceding year in the meaning of Section 61-806, Idaho Code Annotated, as amended by this Act, nor to any district for more than a nine-month term, nor to any district whose average daily attendance for the preceding year was less than that required by law for the operation of school in such district, except as provided in Section 32-327, Idaho Code Annotated, nor to any district which has not made the minimum levy provided in Section 32-702, Idaho Code Annotated, as amended by this Act, and Section 32-704, Idaho Code Annotated, as amended by this Act, nor to any district which has neglected or refused to make such reports as are required by law.

"The county superintendent shall apportion and transfer to other counties from the county school fund such county's proportionate share of tuition due for its resident pupils attending schools in such counties, as shown by the certificates from their county superintendents. The county superintendent shall certify to each county the amount of tuition due from its county school fund, specifying, also, the students for which such tuition is due, the district in which such students are resident, and the district in which they attended school during the preceding year. Such certificate shall be presented not later than October first of each year. Upon receipt of tuition paid by reason of the provisions of this section the county superintendent shall place the same in the county school fund.

"Provided, for all apportionments in this section any joint district or joint rural high school district shall receive from each county in which it lies for every classroom unit such portion of the apportionment due for such classroom unit as the enrollment of the part of the joint district which lies in said county bore to the whole enrollment of the joint district during the preceding year."

█ The statute contains no prohibition against recovery though the certificate be not sent within the prescribed time, nor is there any penalty attached for such dereliction, nor is time of the essence of the right to the statutory contribution. As to these causes of action the statute as to timely notice is therefore directory not mandatory. (*In re Overland Co. v. Utter,* 44 Ida. 385, 257 Pac. 480; *Horse Creek Conservation Dist. v. Lincoln Land Co.,* 50 Wyo. 229, 59 Pac. (2d) 763; *Skelly Estate Co. v. City and County of San Francisco,* 9 Cal. (2d) 28, 69 Pac. (2d) 171; *In re Lambert,* 53 Wyo. 241, 80 Pac. (2d) 425; *Hudgins v. Mooresville Consol. School Dist.,* 312 Mo. 1, 278 S. W. 769; *Mead v. Jasper County,* 322 Mo. 1191, 18 S. W. (2d) 464; *City of Appleton v. Bachman,* 197 Wis. 4, 220 N. W. 393; *People v. Lieber,* 357 Ill. 423, 192 N. E. 331; *Vaughan v. John C. Winston Co.,* 83 Fed. (2d) 370; 4th Ed. Cooley on Taxation, sec. 510; 25 R. C. L., pages 766-7, sec. 14.)

█ Counties and school districts are continuing entities, arms of the government, hence the levy of taxes by appellant to reimburse through respondent the Shelley School District its proportionate cost for the education of these pupils, after the serial years in which the services were rendered, does not defeat respondent's right of recovery.

"Nor do we consider the contention sound, that the apportionments are made and expended in a specific year, and that they are intended and used for the benefit of the youth who are attending that year's schools and that to take the money out of an apportionment and taxes several years later, to reimburse a district, amounts to visiting upon another generation of students the loss suffered by students who have passed from the student class, and from which the previous body of students profited. A school district is a continuing corporation. (*Corum v. Common School Dist. No. 21,* 55 Ida. 725, 47 Pac. (2d) 889, 891.) It may be in perpetuity, devoted to the purpose of promoting and fostering general public education among the youth of the district, and is not unlike an eleemosynary trustee; indeed it has sometimes been so chronicled. (*People v. Cogswell,* 113 Cal. 129, 45 Pac.

270, 35 L. R. A. 269; *Collier v. Lindley*, 203 Cal. 641, 266 Pac. 526, 528.) The corporate entity is but a trustee for the local public. (*Pearson v. State*, 56 Ark. 148, 19 S. W. 499, 35 Am. St. 91.)" *Independent School Districts v. Common School Districts*, 56 Ida. 426, 55 Pac. (2d) 144.

There is no factual showing of loss or injury to appellant, hence we do not consider any corresponding or responsive right of reduction of respondent's claim if there had been such showing or a superintendent's responsibility or liability.

Judgment affirmed. Costs to respondent.

Budge and Morgan, JJ., concur.

AILSHIE, J., Concurring: While I concur in the affirmance of the judgment, I take this opportunity of saying that I think the debtor district should be allowed to spread the assessment over a period of the same number of years that was covered by the delinquency. It might work a great hardship on some counties (if not appellant county), to raise by one year's levy enough money to pay a three or four-year delinquency. This would be equitable, as the debtor district is in no way responsible for the failure or delinquency of officers of the creditor district, to comply with the law and certify the number of pupils and amount due. Moreover, there is good reason why these certificates should be made on time, so that the debtor district might, at the time, while the evidence is available, ascertain if the certificate is correct and the number of pupils claimed were entitled to, and did, attend the schools.

I am authorized to say that Mr. Justice Holden concurs with the foregoing views.