278 P.2d 792

**INDEPENDENT SCHOOL DISTRICT OF BOISE CITY, a specially chartered school district in Ada County, Idaho, Plaintiff-Respondent,**

v.

**C. B. LAUCH CONSTRUCTION COMPANY, a corporation, State of Idaho, Eli Larson, Trustee, John W. Eagleson and Effa (sometimes known as Effie) H. Eagleson, husband and wife, John W. Eagleson, Trustee, Mutual Finance Company, a corporation, Defendants-Appellants,**

and

Max Eiden and Jayne Eiden, husband and wife, N. L. Terteling and Angela B. Terteling, husband and wife, First Security Bank of Idaho, a national banking association, Ruth G. Meyers, a widow, Horace Meyers, William A. Koelsch and Frances W. Koelsch, husband and wife, Ted L. Miller and Vivian B. Miller, husband and wife, Frederick A. Costello and Mae Costello, husband and wife, Francis M. Pratt and Grace Pratt, husband and wife, The Prudential Insurance Company of America, a corporation, Van L. Smith and Alice W. Smith, husband and wife, and The Idaho First National Bank, a national banking association, Defendants.

No. 8180.

Supreme Court of Idaho.

Jan, 3, 1955.

Anderson, Kaufman & Kiser, Boise, for appellants.

Maurice H. Greene, Boise, for respondent.

PORTER, Chief Justice.

On May 15, 1951, respondent instituted condemnation proceedings seeking to condemn certain lands belonging to appellants and others for public school purposes.

128

Appellants answered denying the necessity for the condemnation and taking of their lands. Trial of the cause was had before the court sitting without a jury commencing October 17, 1951. The trial court found that the use for which it was sought to condemn the lands was a public use and found favorably to respondent on the question of the extent of, and necessity for, the taking of appellants' lands; and on March 10, 1952, entered a judgment of condemnation.

Appellants thereafter duly appealed to this court from such judgment. On December 18, 1953, this court affirmed the judgment of condemnation entered by the trial court. See Independent School Dist. v. C. B. Lauch Const. Co., 74 Idaho 502, 264 P.2d 687, wherein the facts in connection with this cause are more fully set out.

The trial court thereafter set the case for trial for the purpose of assessing damages. Appellants, on April 23, 1954, filed a motion praying in effect that the trial court open the judgment of condemnation and take additional testimony on the question of the present necessity for the taking of the lands of appellants. The motion is predicated upon the alleged ground that respondent no longer plans to use such lands for school purposes but intends to acquire same for speculative purposes. In support of such motion, appellants filed the affidavit of one Don H. Eagleson to which reference will be further made hereinafter.

Respondent, on April 30, 1954, filed a motion to strike the motion to open judgment filed by appellants and the supporting affidavit thereto upon the following grounds:

"1. That the decree of this Court entered on March 10, 1952, as affirmed by the Supreme Court of the State of Idaho, is now res adjudicata and not subject to reopening for the purposes stated in said motion.

"2. That said motion and supporting affidavit failed to state facts sufficient to justify the reopening of said cause upon the issue of necessity for the taking of defendants of lands.

"3. That the affidavit of the said Don H. Eagleson is hearsay, and that the best evidence of the matters and things set forth therein are the officials records of the proceedings of the board of trustees of plaintiff."

On April 30, 1954, the trial court, after hearing thereon, sustained respondent's motion to strike appellants' motion to open judgment. The sustaining of the motion to strike was in effect a denial of the motion to open judgment. From the order granting the motion to strike, appellants have appealed to this court.

By-passing for the nonce the questions of procedure and timeliness raised by respondent in its motion to strike, let us consider the merits of the motion of appellants to open the judgment. Such motion is based

upon the affidavit of Don H. Eagleson. We set out such affidavit in full as follows:

"Don H. Eagleson, being first duly sworn, on oath deposes and says:

"That he is an officer of Mutual Finance Co., a corporation, one of the defendants above named;

"That at the trial of this cause, following which this court did in March, 1952 enter its order and decree adjudging the property of defendants John W. Eagleson and Effa (sometimes known as Effie) H. Eagleson, husband and wife, John W. Eagleson, Trustee, and Mutual Finance Co., a corporation, to be condemned for the use of the plaintiff Boise Independent School District, testimony was introduced by the plaintiff through its chief witness and then superintendent, Zed L. Foy, indicating that the Boise Independent School District had a then present need and necessity for the use of the lands of the above named defendants for school purposes;

"That through its building and expansion program and the construction specifically of several Junior High Schools since the date of the trial of this cause, and since the resignation of said Zed L. Foy as superintendent of the Boise Independent School District in February, 1954 and the appointment of D. C. DeBeaumont as such superintendent in February, 1954, the

Boise Independent School District through its Board of Trustees and its present superintendent, D. C. DeBeaumont, has publicly indicated that the school district no longer has plans for the use of the lands of these defendants and that the school district plans to pursue the condemnation proceedings, have the valuation of the land determined and make payment thereof, and hold the land only for speculative purposes with no concrete plans for its own school use in mind, and actually for possible use of the City of Boise or the Boise Junior College in the future; that the necessity of use which was the basis for plaintiff's original condemnation action and the judgment of this court condemning said lands for the use of the plaintiff, no longer exists.

"That the present attitude of the Boise Independent School District as expressed by its trustees and superintendent have been made public and known to the above named defendants only since February 23, 1954 and expressions of the attitude of the plaintiff Boise Independent School District by such trustees and superintendent have been made from time to time since February 23, 1954, and that the above named defendants were not apprised of the change of attitude and plans of the plaintiff or its present lack of need or necessity for the use of the lands of these defendants until and after Feb-

ruary 23, 1954; that the evidence of the attitude of the plaintiff as expressed through its trustees and superintendent is evidence which has only recently been discovered, was not available to these defendants at the previous trial of this cause, and in fact is completely contrary to the evidence produced by the plaintiff itself in the trial of said cause."

A study of such affidavit discloses that it is based largely on hearsay. It contains innuendo, conjecture and assumption on the part of the affiant and is insufficient to show a change of plans on the part of respondent and an abandonment of the respondent's intention to acquire the lands in question for public school purposes.

The uncontradicted affidavit of Emily M. Glimp, filed by respondent, is as follows:

"Emily M. Glimp, being first duly sworn, on oath deposes and says:

"That she is the duly appointed and qualified Clerk of Independent School District of Boise City, plaintiff in the above entitled action, and, as such, has the care, custody and control of the minutes and proceedings of said board of trustees; that, as shown by the minutes of the proceedings of said board of trustees, no action has been taken by said board to in any way change, modify, amend or revoke the proceedings of said board of trustees had on the 9th day of April, 1951, wherein said board passed and adopted a resolution determining the necessity for the taking of the lands described in the complaint in the above entitled action, and that said resolution of April 9, 1951, and the whole thereof, is now in full force and effect."

The duly adopted official action of the school board cannot be reversed or abandoned by alleged statements of the superintendent or other employees or of an individual member of the board. The respondent school district can act only through its board of trustees convened in regular session, and cannot act by one or more individual board members. McBee v. School Dist. No. 48 of Clackamas County, 163 Or. 121, 96 P.2d 207; State ex rel. School Dist. No. 29 v. Cooney, 102 Mont. 521, 59 P.2d 48; Landers v. Board of Education, 45 N.M. 446, 116 P.2d 690; Corum v. Common School Dist. No. 21, 55 Idaho 725, 47 P.2d 889.

The record shows without dispute that no official action has been taken by the board of trustees of respondent to amend or revoke the resolution of the board passed on April 9, 1951, asserting and determining the necessity for the taking of the lands described in the complaint in this action.

The showing made before the trial court was wholly insufficient to justify on the merits the opening of the judgment of condemnation. It was not error for the

trial court to refuse to open such judgment and to grant the motion to strike.

In view of the above and foregoing holding as to the merits, it is unnecessary for us to discuss and determine the questions of procedure and timeliness raised by respondent. The order of the trial court is affirmed. Costs to respondent.

TAYLOR and KEETON, JJ., and BAKER and ANDERSON, District Judges, concur.