**POTTER v. UNITED STATES.**

No. 47603.

United States Court of Claims.

July 10, 1950.

Edward Francis Treadwell, San Francisco, Cal., for the plaintiff. Treadwell & Laughlin, San Francisco, Cal., were on the brief.

Ralph S. Boyd, Washington, D. C., Assistant Attorney General A. Devitt Vanech, for the defendant.

### Special Findings of Fact

1. Plaintiff is and ever since a number of years prior to October 20, 1941, has been the owner in fee, in the possession and entitled to the possession, of all those certain parcels of land situate in the county of Merced, State of California, described as follows:

"All of Section 17; Southeast quarter of Section 18; that portion of Northwest quarter of Northwest quarter and of Southeast quarter of Northwest quarter of Section 18 lying Southwesterly of a line drawn from the center of said Section 18 to the northwest corner thereof, embraced in Swamp and Overflowed Land Survey No. 329 of Merced County, California; Southwest quarter of Northwest quarter and Southwest quarter of Section 18 and Northwest quarter of Section 19, embraced in Swamp and Overflowed Land Survey No. 303 of Merced County, California; East half of Section 19; all of Section

20; East half and Northwest quarter of Section 29; Southwest quarter of Section 19, and North half and fractional Southwest quarter of Section 30, and fractional North half of Northwest quarter of Section 31 lying northerly of San Joaquin River embraced in Swamp and Overflowed Land Survey No. 200 of Merced County, California; Southwest quarter of Section 29, and North half of Southeast quarter and Southeast quarter of Southeast quarter of Section 30, embracing part of Swamp and Overflowed Land Survey No. 293 of Merced County, California; and fractional Southwest quarter of Southeast quarter of Section 30, and fractional West half of Northeast quarter of Section 31, northerly and easterly of San Joaquin River embraced in Swamp and Overflowed Land Survey No. 199 of Merced County, California; all in Township 9 South, Range 13 East, M.D.B. & M."

This case involves many of the same facts found by this Court in the cases entitled Stevinson v. United States, 76 F. Supp. 99, 111 Ct.Cl. 89, and Gerlach Live Stock Co. v. United States, 76 F.Supp. 87, 111 Ct.Cl. 1.

The findings of fact in the Stevinson and Gerlach cases, supra, designated by number below are adopted as findings in this case and are incorporated in these findings by reference. Each such finding is given the number in this case set opposite it in the parallel columns below.

| Number of finding in the case at bar | Number of finding in Stevinson case |
|---|---|
| 2 | 3 |
| 3 | 4 |
| 4 | 5 |
| 5 | 6 |

6. Miller & Lux Incorporated is and at all times here involved was a corporation organized and existing under the laws of the State of Nevada and doing business in the State of California.

Prior to any of the times here involved, Miller & Lux Incorporated became the owner of large areas of land, beginning with a narrow strip at Gravelly Ford and extending in varying widths down the San Joaquin Valley to approximately the junction of the Merced River with the San Joaquin River. A large portion of the lands owned by Miller & Lux Incorporated was riparian to the San Joaquin River, or to sloughs or branch channels thereof, and in some instances to both.

| Number of finding in the case at bar | Number of finding in Stevinson case | Number of finding in Gerlach case |
|---|---|---|
| 7 | ...... | 10 |
| 8 | ...... | 11 |
| 9 | ...... | 12 |
| 10 | ...... | 13 |
| 11 | 9 | ...... |

12. Stevinson finding 12, except the sentence which reads, "The appropriative and prescriptive rights confirmed in Miller & Lux Incorporated and its subsidiaries by the agreement quoted in finding 11 are included in the above tabulation," is adopted as finding 12 in this case.

13 to 39, inclusive. Stevinson findings numbered 13 to 39, inclusive, are adopted as findings 13 to 39, inclusive, in the case at bar.

40. The lands described in finding 1 hereof lie and are bordered upon the main channel of the San Joaquin River or are penetrated and traversed by sloughs or branch channels thereto and are riparian thereto.

41. On October 20, 1941, the difference between the fair market value of the lands described in finding 1 hereof with riparian rights to the use of the water of the San Joaquin River and the fair market value without such riparian rights was $32,-520.00.

### Conclusion of Law

Upon the foregoing special findings of fact, which are made a part of the judgment herein, the court concludes as a matter of law that the plaintiff is entitled to recover, and it is therefore adjudged and ordered that plaintiff recover of and from the United States the sum of thirty-two thousand five hundred twenty dollars ($32,-520.00), plus an amount for delay in pay-

582

ment computed at four (4) per cent per annum from October 20, 1941, until paid.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

Opinion

PER CURIAM.

For the reasons stated in the opinion in Gerlach Live Stock Company v. United States, 76 F.Supp. 87, 111 Ct.Cl. 1, and for the reasons set forth in the opinion of the Supreme Court in United States v. Gerlach Live Stock Co., 70 S.Ct. 955, and other cases, Nos. 4, 5, 6, 7, 8 and 9, October term, 1949, delivered June 5, 1950, judgment is hereby rendered against the defendant in favor of plaintiff in the sum of $32,520.00, plus an amount for delay in payment computed at 4 per cent per annum from October 20, 1941 until paid.