## SOLARI v. UNITED STATES.
### No. 47604.

United States Court of Claims
July 10, 1950.

Edward Francis Treadwell, San Francisco, Cal., for the plaintiff. Treadwell & Laughlin, San Francisco, Cal., were on the brief.

Ralph S. Boyd, Washington, D. C., with whom was Assistant Attorney General A. Devitt Vanech, for the defendant.

## Special Findings Of Fact

1. On October 20, 1941, Bert A. Solari was, and for a number of years prior thereto had been, the owner in fee, in the possession and entitled to the possession, of all those certain parcels of land situated in the county of Merced, State of California, described as follows:

"*Parcel 1*

"Fractional Northeast quarter of Section 33 Northerly and Easterly of San Joaquin River embraced in Swamp and Overflowed Land Survey No. 198 of Merced County, California; fractional West half of Northwest quarter of Section 34, embracing part of Swamp and Overflowed Land Survey No. 64½ of Merced County, California; fractional Southeast quarter of Southeast quarter of Section 28, Easterly of San Joaquin River, embracing that portion of Swamp and Overflowed Land Survey No. 193 that lies in said fractional Southeast quarter of Southeast quarter of Section 28; South half of Southwest quarter and Southwest quarter of Southeast quarter of Section 22, and South half, Northwest quarter and West half of Northeast quarter of Section 27, all in Township 8 South, Range 11 East, M. D. M.; also, a portion of Swamp and Overflowed Land Survey No. 194 of Merced County, California, described as: Beginning at the southeast corner of the Northeast quarter of Southeast quarter of Section 28, Township 8 South, Range 11 East, M. D. M.; thence West 10 chains; thence north 45° East 14.14 chains and thence South 10 chains to point of beginning, containing 5 acres, more or less.

"*Parcel 2*

"A portion of Swamp and Overflowed Land Survey No. 194 of Merced County, California, described as:

"Beginning at a point which bears South 0°51' West 660 feet from the quarter section corner between Sections 27 and 28. Township 8 South, Range 11 East, M. D. M.; thence South 45°51' West 175.88 feet; thence North 2°30' East 95.55 feet; and thence North 77°30' East 125.00 feet to the point of beginning; containing .132 acre, more or less."

Bert A. Solari died on April 30, 1947, while still the owner of the property, and plaintiff Joe Solari was appointed executor of his last will and testament by an order duly made by the Superior Court of the State of California, in and for the County of San Joaquin, and letters testamentary were duly issued out of said court and are now in full force and effect.

This case involves many of the same facts found by this Court in the cases entitled James J. Stevinson v. United States, No. 46265, decided on March 1, 1948, reported in 76 F.Supp. 99, 111 Ct.Cl. 89, and Gerlach Livestock Company v. United States, No. 46009, decided on April 5, 1948, reported in 76 F.Supp. 87, 111 Ct.Cl. 1.

The findings of fact in the Stevinson and Gerlach cases, supra, designated by number below are adopted as findings in this case and are incorporated in these findings by reference. Each such finding is given the

number in this case set opposite it in the parallel columns below.

| Number of finding in the case at bar | Number of finding in Stevinson case |
|---|---|
| 2 | 3 |
| 3 | 4 |
| 4 | 5 |
| 5 | 6 |

6. Miller & Lux, Incorporated, is and at all times here involved was a corporation organized and existing under the laws of the State of Nevada and doing business in the State of California.

Prior to any of the times here involved, Miller & Lux, Incorporated, became the owner of large areas of land, beginning with a narrow strip at Gravelly Ford and extending in varying widths down the San Joaquin Valley to approximately the junction of the Merced River with the San Joaquin River, among which lands were some of those described in the petition of the plaintiff. A large portion of the lands owned by Miller & Lux, Incorporated, including some of those described in the petition of the plaintiff herein, was riparian to the San Joaquin River, or to sloughs or branch channels thereof, and in some instances to both.

| Number of finding in the case at bar | Number of finding in Stevinson case | Number of finding in Gerlach case |
|---|---|---|
| 7 | ...... | 10 |
| 8 | ...... | 11 |
| 9 | ...... | 12 |
| 10 | ...... | 13 |
| 11 | 9 | |

12. Stevinson finding 12, except the sentence which reads, "The appropriate and prescriptive rights confirmed in Miller & Lux, Incorporated, and its subsidiaries by the agreement quoted in finding 11 are included in the above tabulation", is adopted as finding 12 in this case.

In addition to the water rights therein mentioned, the East Side Canal & Irrigation Company and the Stevinson Water District (a public corporation) have a right to appropriate and divert from the San Joaquin River into their canal at a point upstream from plaintiff's lands 1,189 acre-feet of water during the month of April, 1,797 acre-feet of water during the month of May, and 3,588 acre-feet of water during the month of June in any year, when needed to meet the contingency that the Merced Irrigation District should at any time cease to spill those quantities of water into the canal in excess of the 24,000 acre-feet of water which the Merced Irrigation District is obligated to spill into the canal as set forth in finding 20 of the findings in the case of East Side Canal and Irrigation Company et al. v. United States, No. 46266, decided by this Court on April 5, 1948, reported in 76 F.Supp. 836, 111 Ct. Cl. 124, which finding is incorporated herein by reference, and in the event of any such contingency to use it for beneficial purposes.

13 to 39, inclusive. Stevinson findings 13 to 39, inclusive, are adopted as findings 13 to 39, inclusive, in the case at bar.

40. The lands described in finding 1 hereof lie and are bordered upon the main channel of the San Joaquin River or are penetrated and traversed by sloughs or branch channels thereof and are riparian thereto.

41. On October 20, 1941, the difference between the fair market value of the lands described in finding 1 hereof with riparian rights to the use of the water of the San Joaquin River and the fair market value without such riparian rights was $12,915.-00.

42. On and for sometime prior to June 24, 1927, J. A. Turner was the owner of the lands described in finding 1 hereof. On that day he conveyed such lands to plaintiff by a deed which contained the following provision:

"Reserving to the grantors any and all proceeds of that certain action filed by them or either of them in the Superior Court of the County of Merced, State of California, against Madera Irrigation District, and any and all proceeds or damages that may be paid either by said Madera Irrigation District or San Joaquin River Water Storage District, or any other district, corporation or person, for the privilege or right as against said lands of reservoiring

or storing flood waters of the San Joaquin River; any such money or damages to be paid to and belong to the grantors."

Thereafter J. A. Turner died, and after due and regular proceedings had in the Superior Court of the State of California in and for the County of Merced, all the property and estate of J. A. Turner, including any right that he might have by virtue of the above reservation, was distributed to his children, Clifton Turner, Monnett Turner, Elizabeth Turner Hupfer and Dorothy Turner Lingerfelt. The rights of the parties under the above provision being uncertain, it has been agreed by and between them and the plaintiff herein that the plaintiff shall be entitled to one-half of any amount recovered herein, and Clifton Turner, Monnett Turner, Elizabeth Turner Hupfer, and Dorothy Turner Lingerfelt the other one-half thereof and plaintiff to that extent prosecutes this action on their behalf.

### Conclusion of Law

Upon the foregoing special findings of fact, which are made a part of the judgment herein, the court concludes that as a matter of law the plaintiff is entitled to recover, and it is therefore adjudged and ordered that plaintiff, as the executor of the estate of Bert Solari, recover of and from the United States twelve thousand nine hundred fifteen dollars ($12,915.00), plus an amount to compensate plaintiff for delay in payment computed at four (4) percent per annum from October 20, 1941, until paid. One-half of the judgment shall be retained by plaintiff, and one-half shall be distributed by him to the following children of J. A. Turner, deceased: Clifton Turner, Monnett Turner, Elizabeth Turner Hupfer, and Dorothy Turner Lingerfelt.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges

### PER CURIAM.

For the reasons stated in the opinion in Gerlach Livestock Company v. United States, No. 46009, 76 F.Supp. 87, 111 Ct.Cl. 1, and for the reasons set forth in the opinion of the Supreme Court in United States v. Gerlach Live Stock Company, 70 S.Ct. 955, and other cases, Nos. 4, 5, 6, 7, 8, and 9, October term, 1949, delivered June 5, 1950, judgment is hereby rendered against the defendant in favor of the plaintiff, as the executor of Bert Solari, in the sum of $12,915.00, plus an amount to compensate plaintiff for delay in payment computed at 4 percent per annum from October 20, 1941, until paid.

On June 24, 1927, J. A. Turner conveyed the lands described in finding 1 to Bert A. Solari, reserving from the conveyance "any and all proceeds of that certain action filed by them [the grantors] or either of them in the Superior Court of the County of Merced, State of California, against Madera Irrigation District, and any and all proceeds or damages that may be paid either by said Madera Irrigation District or San Joaquin River Water Storage District, or any other district, corporation, or person, for the privilege or right as against said lands of reservoiring or storing flood waters of the San Joaquin River; any such money or damages to be paid to and belong to the grantors." Later, Turner died. The following children are his distributees: Clifton Turner, Monnett Turner, Elizabeth Turner Hupfer, and Dorothy Turner Lingerfelt. These distributees have entered into an agreement with plaintiff that one-half of any money recovered in this suit shall be paid to them, and one-half shall be retained by plaintiff. One-half of the judgment rendered for plaintiff is rendered in his favor for the use and benefit of the above named distributees of J. A. Turner, deceased.