## FRANK L. SAUNDERS AND GRACE M. SAUNDERS, HUSBAND AND WIFE, APPELLANTS, v. THE STATE OF NEVADA ON RELATION OF ITS DEPARTMENT OF HIGHWAYS, RESPONDENT.

No. 3794

September 17, 1954.                    273 P.2d 970.

*Ernest S. Brown,* of Reno, for Appellants.

*W. T. Mathews,* Attorney General, *Geo. P. Annand, Wm. N. Dunseath* and *John W. Barrett,* Deputy Attorneys General, for Respondent.

**OPINION**

By the Court, BADT, J.:

The trial court, without a jury, ordered a condemnation for highway purposes of a strip of land condemning 1.532 acres out of a total tract of 33.52 acres owned by appellants. The parcel condemned contained two buildings and left two buildings remaining upon land not condemned. The court awarded judgment in favor of appellants for $21,105, being the sum of the two amounts of $20,543, the value of the land condemned (including the improvements), and $562 as severance damage. The latter sum was identified as being the cost of installing a new water supply for the two buildings not condemned. The judgment was entered October 6, 1953 and, under our statute, would bear interest from that date. An order for immediate possession however had been entered after hearing on July 25, 1953, effective September 1, 1953. Appellants have been out of possession of the parcel condemned since the latter date.

Appellants assign as error (1) that the award of damages did not constitute just compensation and (2) that the order for immediate possession without providing that compensation first be made or secured was in violation of our constitutional provision.[1] Further amplifying these assignments of error, appellants conclude their opening brief by the assertion (1) that just

---

[1] "* * * nor shall private property be taken for public use without just compensation having been first made, or secured, except * * *." Nevada Constitution, Art. I, sec. 8; N.C.L.1929, sec. 29.

compensation failed "because the element of rentals was omitted from the determination of the market value of the property," and (2) that the failure to assess damages and require the payment thereof or secure such payment *deprived the court of jurisdiction* to make the order for immediate possession. The summation in appellants' closing brief is (1) that just compensation failed because of the failure of the court to consider *capitalization of rentals* as an element in fixing value and (2) that the order for immediate possession was further invalid because the court refused to hear evidence of damage (on the motion for immediate possession) tendered by the *respondent*.

At the close of the trial on the merits the court made the following order from the bench:

"This matter was tried by the Court without a jury. All preliminary resolutions and conditions precedent to condemnation were stipulated to at pre-trial conference. The only issue for determination is the value of the property taken and severance damage, if any. Both sides produced experts who gave their opinion on this issue, and the Court is satisfied that the opinion of the State's expert is supported by the soundest reasoning. It is, therefore ordered that the defendants have judgment against the plaintiff in the sum of $21,105.00 together with their costs and disbursements. Defendants' counsel will prepare proposed findings and judgment."

1. The court subsequently made formal findings and entered a formal judgment. Its conclusions were based upon the testimony of the respondent's expert witness who had practiced as a real estate broker and appraiser for thirty years, was a member of National Right of Way and Technical Appraisers' associations and had been employed for long periods of time by the Equitable Life Assurance Society, the appraisal section of the real estate division of the War Department, the appraisal

department of the Federal Land Bank of Berkeley, was instructor of appraisal personnel of the National Farm Loan associations, was chairman of the appraisal board in other large operations and had qualified and testified as an expert in numerous condemnation proceedings in federal and state courts. In addition to his oral testimony, his written report and appraisal, comprising some thirteen typewritten pages with numerous photographs and maps attached as exhibits, was admitted in evidence by stipulation of the parties. At the conclusion of his testimony appellants declined to cross examine. The court, however, examined the witness at some length on points involving the witness's method of evaluating the land and also as to his reason for failing to take into consideration comparable sales in the vicinity. It developed that there had been none such, for which reason the witness had not been able to use this method for purposes of his appraisal. The court further developed through its examination the witness's recognition of the theory of a sale by a willing seller to a willing buyer on the open market, his recognition that the sale price would be affected by the fact that the property included rental units and that it was income property, but that in evaluating the property he had not capitalized the rentals. He stated his reasons for not capitalizing the rentals to assist in evaluating the property—that the rentals were high, that the rental situation "would ease up," that it was apparent that the demand would be filled, that the present units would command less rent, that to capitalize the rent at the present high period of rentals would be both unsafe and unwise. Under these circumstances, under which the court not only accepted the testimony of this witness and rejected the testimony of appellants' witnesses but was also impressed with the sounder "reasoning" of respondent's witness, appellants' authorities to the effect that it is error if the court fail to consider *all* elements tending to show fair value do not apply. Under the circumstances, we are unable to

say that just compensation failed because capitalization of rentals was not used as an element in fixing value. Appellants' first assignment of error is without merit.

2. The assignment that the court was without jurisdiction to order immediate possession "without just compensation having been first made, or secured," was not made to the trial court. At the conclusion of the hearing of the motion for immediate occupancy an extended discussion was had in open court in which the court and respective counsel took part. Respondent made it clear that it desired immediately to advertise for bids and that construction could not commence unless the two buildings were first removed by an independent contractor. The attorney general explained to the court: "We cannot move them unless we have the permission to do so." This was in July. The court indicated its intention of making the order effective as of September 1, so as to give appellants time to make their own necessary arrangements. Counsel for appellants then stated: "We would go along at this time to stipulate that the court may make its order on the first day of September for immediate possession * * *." The court: "There would not be any objection to making an order now that the Department of Highways shall have possession of the premises on September 1st?" Mr. Brown: "That is right." The court: "* * * That will be the order. Is there anything further?" Mr. Brown: "Nothing further." Respondent contends that by reason of the foregoing stipulation and statements of counsel, appellants clearly waived any requirement for bond as a condition for an order for immediate occupancy. We see no escape for the conclusion that the requirement for bond was waived. Nor could it be said to be an oversight. At the morning session of the same day considerable time was devoted to the question of the admissibility of evidence of damage growing out of the removal of the buildings, and counsel for appellants in discussing the provisions of sec. 9162, N.C.L.1929, the section

governing the conditions under which an order for immediate occupancy might be made, explained his view of the section that proof of damage was admissible simply to enable the court to fix bond. Nor are we impressed with the appellants' contention that the constitutional requirement that just compensation must be *first* made or secured before private property may be taken for public use cannot be waived. Rose v. State (Cal. App.), 94 P.2d 1058; Sonken v. Gemmill, 94 Ind.App. 114, 151 N.E. 355; 29 C.J.S. 1087, Eminent Domain, sec. 190. Appellants seek to distinguish these cases but we think that they and many other similar cases clearly lay down the principle that a constitutional right of this nature is a personal one for the benefit of the property owner and subject to being waived by him.

Having concluded that appellants waived their right to bond as a condition for the order for immediate occupancy, it becomes unnecessary to discuss the question, expounded at length in the briefs and oral arguments of respective counsel, as to whether sec. 9034, N.C.L.1929, providing that when the state is a party no undertaking or security shall be required of it, can be effective in condemnation suits in view of the constitutional provision.

As first noted in this opinion, appellants have been out of possession since September 1, 1953, the effective date of the order for immediate occupancy, but that the effect of the judgment of October 6, 1953 is to allow appellants interest only from that date. We apprehend that this was an oversight.[2] Interest must be paid, in a case like this, from the date of the taking. 29 C.J.S. 1056, Eminent Domain, sec. 176, b. It does not appear that the point was called to the attention of the trial court on the motion for new trial.

[2]When asked why he did not allow for loss of rentals on the two rental units condemned by the state, the state witness answered: "It is the same as when you buy property, you are not entitled to rental after you sell it. The state took it. They are prepared to pay for it, I assume."

No error otherwise appearing, it is ordered that the judgment of October 6, 1953, be modified to carry interest from September 1, 1953, and that, as so modified, said judgment and the order denying new trial be affirmed with costs.

EATHER, C. J., and MERRILL, J., concur.