The Nashville Housing Authority *v.* Jacobs H. Doyle *et al.*

(*Nashville,* December Term, 1954.)

Opinion filed March 11, 1955.

Robert L. Alexander and James M. Swiggart, both of Nashville, for appellant.

Elkin Garfinkle, Z. T. Osborn, Jr., and Alvin Brandt, all of Nashville, for appellee.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This case involves the question of interest on certain money arising out of condemnation proceedings in Nashville, the proceedings having been instituted by the Nashville Housing Authority.

The Circuit Judge was of the opinion and so ordered that the property owner whose land was condemned was entitled to interest upon the award of the trial jury, determining the value of this property from the time of taking.

The trial judge was of the opinon that he was entitled to interest on the sum fixed by the jury as the value of the property taken from him as of the date of the taking, December 21, 1951, as a matter of law, he being in legal contemplation entitled to that sum, $13,500, as of that date.

■ The taking was done in pursuance of Chapter 183 of the Public Acts of Tennessee for the year 1937, and was based on the Federal Act of February 26, 1931, 40 U. S. C. A. Section 258a et seq.

Under this State statute the Housing Authority was required to pay into court a sum of money estimated by The Housing Authority to be just compensation for the property taken but the sum not to be less than the assessed value for tax purposes of the estate or interest of the property to be taken.

When this estimated compensation is paid into court it is provided by said Act that title to the property shall vest in The Housing Authority.

This State Act has been upheld by our court in the recent cases of *Knoxville Housing Authority* v. *City of Knoxville,* 174 Tenn. 76, 123 S. W. (2d) 1085, and *Nashville Housing Authority* v. *City of Nashville,* 192 Tenn. 103, 237 S. W. (2d) 946.

The only question before us is the question of interest, that is whether the property owner is entitled to interest on the amount paid into court by The Housing Authority pursuant to the declaration of taking filed by the condemnor.

In the case of *United States* v. *Miller,* 317 U. S. 369, 63 S. Ct. 276, 87 L. Ed. 336, it was held that one purpose of the Federal Act was to give the government immediate possession of the property, and relieve it of the burden of interest accruing on the sum deposited from the date of taking to the date of judgment in the eminent domain.

Secondly, to give the owner, if his title is clear, immediate cash compensation to the extent of the government's estimate of the value of the property. There may be an error in the estimate and if the judgment ultimately arising shall be in excess of the amount deposited, the owner shall be entitled to recover the excess with interest.

In the Federal Housing Statute, which was fully discussed by the Supreme Court of the United States, in *United States* v. *Miller,* supra, it was expressly provided

that no interest should be paid on the cash deposit but under that statute the property owner was entitled to the immediate payment of this estimated value.

Our State statute above referred to has no such provisions.

Nothing in our statute is said about interest on the cash deposit, but we think the following language in our housing statute is controlling in this case:

"* * * *  *The money deposited into court by an authority shall be secured in such manner as may be directed by the court and shall be disbursed by the court to the persons found to be entitled thereto by the final award of judgment of the court*".

It is clear from the above quotation that the property owner is entitled to interest on the deposit from the day it is placed in the hands of the court.

Under said State's statute when this declaration of taking is filed title to the property described as being taken by the declaration shall vest in The Housing Authority free from the right, title and interest or lien of all parties to the cause.

Under this Act if we should hold that The Housing Authority could take the property of the land owner without the latter being paid immediately this would offend Article 1, Section 21, of the Constitution of Tennessee, and would render the Act invalid.

In *Alloway* v. *Nashville,* 88 Tenn. 510, 528, 13 S. W. 123, 127, 8 L. R. A. 123, it is said:

"The statute authorizing the condemnation of private property for public use, and prescribing the mode of proceeding, is silent on this subject; and the general statute, (Code (M. & V.) § 2702) which enumerates instruments that bear interest as a matter of law, does not embrace a case like that

before us. Nevertheless, we have no hesitation in holding, upon general principles, that interest should have been allowed from the time of the appropriation of the property. From that time the original owner was deprived of the use and possession of the land taken. The liability of the city accrued at that date, though the amount thereof is not determined finally until long thereafter. Damages are properly assessed with reference to the value of the land taken, and the depreciation of the residue at the time of condemnation. The legal rights of both parties, so far as the damages are concerned, are fixed at that time. Subsequent enhancement or diminution of the value, though ever so great, cannot be considered by the jury in estimating damages. Witnesses are examined as to the amount of damages at the time of appropriation, and not at the time of the trial. That method was properly adopted in this case. The city, especially, asked her witnesses the value of the property 'in August, 1887.' In the case of [*East Tennessee V. & G.*] *Railroad Co.* v. *Burnett's Executors,* 11 Lea [525] 526, the jury of inquest, though reporting several years after the land was appropriated, failed to allow interest. The petitioner did not appeal, and have a trial de novo, but excepted to the report because it did not include interest. The exception was overruled, and the petitioner prosecuted a writ of error. This court allowed the interest. [11 Lea] 527. A discussion of this subject is found in Section 499, Lewis, Em. Dom. Refusal to allow interest was error. In the language of one of the counsel for appellants: 'If the party in whose favor there is verdict is, as a matter of law, entitled to something additional, the court may allow it.' Inasmuch as the error can be

readily corrected here, that will be done, instead of reversing and remanding. This court will render the judgment that should have been rendered below. The land was taken about the 10th of August, 1887; hence judgment will be entered for the amount of the verdict, with interest from that date.''

See *East Tennessee, etc. Ry.* v. *Burnett's Ex'rs,* 11 Lea 525; *Snowden* v. *Shelby County,* 118 Tenn. 725, 102 S. W. 90.

We are therefore of the opinion that the trial judge was correct in allowing interest from the date of the taking of the property.

It results that we find no error in the judgment of the lower court and it is affirmed with costs.