305 P.2d 1077

INDEPENDENT SCHOOL DISTRICT OF BOISE CITY, a specially chartered school district in Ada County, Idaho, Plaintiff-Appellant,

v.

C. B. LAUCH CONSTRUCTION COMPANY, a corporation, State of Idaho, Eli Larson, Trustee, John W. Eagleson and Effa (sometimes known as Effie) H. Eagleson, husband and wife, John W. Eagleson, Trustee, Mutual Finance Company, a corporation, Max Eiden and Jayne Eiden, husband and wife, N. L. Terteling and Angela B. Terteling, husband and wife, First Security Bank of Idaho, a national banking association, Ruth G. Meyers, a widow, Horace Meyers, William A. Koelsch and Frances W. Koelsch, husband and wife, Ted L. Miller and Vivian B. Miller, husband and wife, Terry's Appliance Company, a corporation, Frederick A. Costello and Mae Costello, husband and wife, Francis M. Pratt and Grace Pratt, husband and wife, The Prudential Insurance Company of America, a corporation, Van L. Smith and Alice W. Smith, husband and wife, and The Idaho First National Bank, a national banking association, Defendants-Respondents.

No. 8414.

Supreme Court of Idaho.

Jan. 10, 1957.

Maurice H. Greene, Boise, for appellant.

Anderson, Kaufman & Anderson, Boise, for respondents.

TAYLOR, Justice.

Plaintiff (appellant) commenced this action and summons was issued and dated on May 15, 1951. The action was brought against a number of defendants to condemn several parcels of land for school purposes. After the usual proceedings on demurrers, the defendant (respondent) filed answer specifically denying the necessity for the taking. Thus it became a prerequisite condition to condemnation that plaintiff first establish that the taking was necessary. § 7–704, I.C. That issue was tried in October, 1951, and decree was entered establishing the necessity March 10, 1952. The defendant, owner, appealed and this court affirmed that decree. Independent School Dist. v. C. B. Lauch Construction Co., 74 Idaho 502, 264 P.2d 687. Remittitur was filed in the district court January 8, 1954.

April 24, 1954, defendant filed motion to open the judgment on the ground that certain officials of the plaintiff district had publicly disclosed their intention not to use the land for the purpose for which it had been sought, and that the taking of defendant's land was no longer warranted or necessary. This motion was stricken by the court April 30, 1954, and defendant appealed from the order, striking its motion, May 3, 1954. The order was affirmed by this court. Independent School Dist. v. C. B. Lauch Construction Co., 76 Idaho 126, 278 P.2d 792. Remittitur was filed in the district court January 25, 1955.

February 4, 1955, plaintiff filed motion, under § 7–717, I.C., as amended, for permission to take possession of the property, pending jury trial of the issue of compensation and damages. March 29, 1955, the district court entered its order granting possession to the plaintiff, conditioned upon the deposit by it of the sum of $80,000. The deposit was made and approved by the court, and the order for possession declared in full force and effect April 1, 1955. Thereafter, pursuant to stipulation of the parties, appraisers were appointed and appraisal was returned to the court, July 16, 1955, fixing the value of the property in the sum of $74,800. The parties then stipulated for a hearing on the issue of what interest should be added to the award of the appraisers. After hearing thereon, the court entered judgment October 15,

1955, for the defendants for $74,800, with interest thereon at the legal rate of 6% from the date of summons, May 15, 1951, in the sum of $19,822.

This appeal is from the judgment allowing interest from the date of the summons.

Appellant recognizes that this court adhered to the rule allowing interest from the date of summons in Village of Lapwai v. Alligier, 69 Idaho 397, 207 P.2d 1025, and urges that the Lapwai case be distinguished from the instant case on the ground that "the four and one-half years which elapsed from the date the summons was issued to the date when appellant was able to obtain possession of the property, was in a large measure contributed to by delaying tactics on the part of respondents, and that appellant should not be required to pay interest for periods of time resulting from the delaying tactics of respondents." Some courts have refused to allow interest for periods of delay in payment of damages occasioned by the fault of the condemnee. Mohler v. Fish Commission, 129 Or. 302, 276 P. 691; Laramie Valley Ry. Co. v. Gradert, 43 Wyo. 268, 3 P.2d 88; Lee v. Missouri Pacific R. Co., 134 Kan. 225, 5 P.2d 1102; Bruna v. State Highway Commission, 146 Kan. 375, 69 P.2d 743; Feltz v. Central Neb. Pub. Power & Irr. Dist., 8 Cir., 124 F.2d 578; Central Neb. Pub. Power & Irr. Dist. v. Berry, 8 Cir., 124 F.2d 586; Central Neb. Pub. Power & Irr. Dist. v. Fairchild, 8 Cir., 126 F.2d 302; E. M. Fleischmann Lbr. Corp. v. Resources Corp. Intern., D.C.Del., 114 F. Supp. 843; Speed v. Transamerica Corp., D.C.Del., 135 F.Supp. 176; 3 Nichols, Eminent Domain, § 8:63(2) p. 113; Annotation 36 A.L.R.2d 337, at 421.

■ However, such a rule should not be applied in this case. Under our statute, the condemnor must first establish that the taking is necessary to the intended use. § 7–704, I.C.; Portneuf Irrigating Co. v. Budge, 16 Idaho 116, 100 P. 1046. This gives the property owner the right to litigate that issue, and he should not be penalized for so doing. *

Appellant further contends that if the Lapwai case is not to be distinguished, it should be overruled. We have concluded to re-examine the issue. Our law of eminent domain in part provides:

"For the purpose of assessing compensation and damages, the right thereto shall be deemed to have accrued at the date of the summons, and its actual value, at that date, shall be the measure of compensation for all property to be actually taken, and the basis of damages to property not actually taken, but injuriously affected, in all cases where such damages are allowed, as provided in the last section. No improvements put upon the property subsequent to the date of the

service of summons shall be included in the assessment of compensation or damages." § 7–712, I.C.

In Weiser Valley Land & Water Co. v. Ryan, 9 Cir., 190 F. 417, at page 424, cited in the Lapwai case, the court construed the above statute as follows:

"The next contention is that the court erred in adding interest to the amount of the assessment from the date of the summons. Under the statute, the right to the compensation shall be deemed to have accrued at the date of the summons. Having such right to compensation at a given time, it would seem that the owner ought to have interest upon the amount ascertained until paid. In the meanwhile he can claim nothing for added improvements, nor is he entitled to any advance that might affect the value of the property."

This, we think, is not a correct reading of the statute. The statute does not give the owner the right to compensation at the date of the summons. It merely provides that the right shall *be deemed* to accrue at that date "for the purpose of assessing compensation and damages." In other words, it fixes the time as of which the value of the property is to be determined. In effect the statute defines compensation to be the amount payable as "just compensation" required by the constitution, Art. 1, § 14, for the property actually taken, and damages as the compensation for property not taken, but injuriously affected. Thus interest is not included in either compensation or damages.

The construction given this statute in the Weiser Valley case was accepted and followed in Brown v. United States, 263 U.S. 78, 44 S.Ct. 92, at page 95, 68 L.Ed. 171, at page 182. There the contrary rule previously established by the Supreme Court was referred to, but the court, actuated by the precept of the conformity statute, chose to follow the so-called local state rule. Speaking for the court, Chief Justice Taft said:

"The interest charge under the Idaho statute has the wholesome effect of stimulating the plaintiff in condemnation to prompt action. Moreover, the plaintiff may reduce to a minimum the rents and profits enjoyed by the defendant because under the Idaho statute the plaintiff may have a summary preliminary hearing before commissioners to fix probable damages, and by depositing the amount so fixed with the clerk of the court, if the defendant will not accept it, the plaintiff may obtain immediate possession. Within less than a month after bringing suit, he can thus appropriate to himself the rents and profits of the land, and in enjoyment of them can await the final judgment."

Generally in condemnation cases the action is not brought until the plaintiff's plan for the use of the property is fully developed and its need for possession is urgent. The owner, on the other hand, in exercising his right to resist, is naturally prone to delay. To allow the owner the benefits of possession as well as interest during the pendency of the proceedings is not only inequitable, but would encourage protracted delay. Neither is the provision for appointment of appraisers, and for payment or deposit of the amount of the appraisement, with the right then to take possession, in all cases an adequate safeguard to the plaintiff. As above noted, our statute gives the owner the right to litigate the issue of necessity for the taking. Where there is a serious challenge of that right, the plaintiff would be foolhardy to enter upon the property and incur consequential damages flowing therefrom, since the court might determine adversely the issue of necessity.

"It would be folly to appoint commissioners to assess damages for the taking of property that is not for a public use, or is not necessary for such use within the purview of the statute. The question of necessity is one that should be determined by the court *in limine* before appointing commissioners." Portneuf Irrigating Co., Ltd., v. Budge, 16 Idaho 116, at page 130, 100 P. 1046, at page 1051.

That was the situation in this case. The plaintiff rightly refrained from taking possession, or attempting to do so, while the issue of necessity was pending before the district court, and before this court on two appeals. This provision of our statute that the necessity for the taking be first determined, was not taken into consideration in either the Weiser Valley or the Brown cases.

Moreover, the construction given our statute in the Brown case would render it of doubtful constitutionality. In Yellowstone Pipe Line Company v. Drummond, 77 Idaho 36, 287 P.2d 288, we held the 1953 amendment to § 7–717, I.C., was unconstitutional insofar as it attempted to vest title in the condemnor, upon entry of the order for immediate possession, prior to payment of just compensation. It was there pointed out that our constitution requires that the compensation be paid prior to the taking.

"Private property may be taken for public use, but not until a just compensation, to be ascertained in the manner prescribed by law, shall be paid therefor." Art. 1, § 14, Idaho Constitution.

The federal constitutional provision, Amendment 5, merely provides "nor shall private property be taken for public use, without just compensation." Many of the states have a provision similar to the feder-

al. Under that provision the condemnor may take the property first and pay the just compensation afterward. § 258a, Title 40, U.S.C.A. and cases there cited. Under our constitutional provision, the taking cannot occur until just compensation has been paid or deposited. Hence, it follows the condemnee cannot acquire a right to compensation at the date of the summons. The taking cannot occur at that date. Neither can the right to compensation then occur, because it is a right which grows out of the taking.

Utah's statute is identical with ours, § 7–712, I.C., except where ours provides "the right thereto shall be deemed to have accrued at the date of the summons", there it reads, "at the date of the service of summons". U.C.A.1943, 104–61–12. As early as 1905 the Utah court was urged to construe the statute as ours was construed in the Weiser Valley case. In a well considered opinion the court said:

· "Under section 3599, appellants urge that the right to compensation accrues and is due on the date of the service of summons, and because thereof, and because no improvements put upon the property subsequent to that date shall be included in the assessment of compensation of damages, there is, when the summons is served, such an interference with the full enjoyment and ordinary benefits of the property by the owner, and such an invasion of his

rights ·thereto, as to amount, ·in legal effect, to a taking, within the meaning· of the Constitution, providing that 'private property shall not be taken or~ damaged for public use without just compensation.' And it is claimed, as the property· was taken on that date, and as compensation therefor then became due, appellants were entitled to interest thereon from the date of the service of summons to verdict, less rents and other benefits of possession received by them covering the same period." Oregon Short Line R. Co. v. Jones, 29 Utah 147, 80 P. 732, at pages 733 and 734.·

Apparently in that case the owners offered to do equity by accounting for benefits of possession. Continuing, the Utah court further said:

"The material point, therefore, here, is not, was there a taking? for such fact must be conceded by every one, but, when did the taking occur? ·For it is with respect to the time of the taking that compensation, under the Constitution, must be made. Upon this inquiry appellants' cases are of little aid. If the property shall be deemed to have been taken at the time and by reason of the service of the summons, there is force in the contention that appellants are entitled to interest from that date. But the controlling feature of section 3599 is the

fixing of the time with reference to which compensation is to be computed, rather than fixing the time of the taking, or when the property shall be deemed to have been taken." Oregon Short Line R. Co. v. Jones, 29 Utah 147, 80 P. 732, at page 734.

In 1953 the Utah court was again urged to adopt the rule of the Weiser Valley case. In State, etc. v. Peek, 1 Utah 2d 263, 265 P.2d 630, the question was extensively considered, and supporting authorities were collected in footnotes. The court said:

"Appellants are not entitled to interest on the judgment prior to the time when actual possession was taken. This court has uniformly so held. Appellants argue that this case is different from those cases in that here their property being unoccupied it cannot produce income, rents or profits except from the development and sale of the lots and that any improvement after the service of summons cannot be included in the recoverable damages and that the possibility of obtaining buyers for this property was by the service of summons eliminated. That argument is true to a greater or less extent in every condemnation case. Where the owner beneficially uses the property, either as a home or in his business, or where the property is rented until possession is taken, the commencement of an action to condemn only slightly interferes with the owner's use of the property prior to that time. But even in that kind of a case the possibility of the property being bought and sold on the open market is practically eliminated by the service of summons in a condemnation case." 265 P.2d at pages 632, 633.

"Appellants further argue that failure to allow such interest constitutes a taking of private property for a public use without just compensation, in violation of Article I, Sections 7 and 22 of the Utah Constitution and the Fourteenth and Fifth Amendments to the Federal Constitution. There are many cases which allow interest from the beginning of the condemnation proceedings even though the owner retains possession. Such cases require him to account for the income, rents and profits of the land during that period. Some of them cite the above mentioned Federal Constitutional provisions and State Constitutional provisions similar to ours above cited in support of such holding. Some of such cases require a showing on the part of the land owner that he has been deprived of profits during the period in question which he would have made had the suit not been commenced, and that such profits were not included in the damages

which were awarded. The record here does not show that such proof was made in this case. Appellants have cited no case and we have found none which holds that where under the state law the taking occurs when the possession of the property is actually surrendered, and not when the suit was commenced, that the failure to allow interest from the time of the commencement of the action constitutes a violation of these constitutional provisions, but a number of courts, including the Supreme Court of the United States, have held to the contrary." 265 P.2d at page 634.

By statute interest is not allowed on money until it becomes due. § 27–1904, I.C. In Boise Valley Construction Co. v. Kroeger, 17 Idaho 384, 105 P. 1070, 1076, 28 L.R.A.,N.S., 968, a counterclaim was filed for compensation for land actually taken or destroyed by a street railway, outside of and in addition to the agreed right-of-way. The court quoted, and followed, the rule as to the measure of damages, from Young v. Extension Ditch Co., 13 Idaho 174, 89 P. 296, as follows:

" 'If land is taken or the value thereof totally destroyed, the owner is entitled to recover the actual cash value of the land at the time of the taking or destruction, with legal interest thereon to the time of the trial.' "

This rule has been repeatedly applied by this court. Petajaniemi v. Washington etc. Co., 22 Idaho 20, 25, 124 P. 783; McGuire v. Post Falls etc. Mfg. Co., 23 Idaho 608, 614, 131 P. 654; Falk v. Humbird Lbr. Co., 36 Idaho 1, 8, 208 P. 404; Langley v. Deshazer, 78 Idaho 376, 304 P.2d 1104.

The rule as to interest in Village of Lapwai v. Alligier, supra, being based upon precedents which do not correctly construe our statute, is hereby overruled. The correct rule and the one which is supported by the overwhelming weight of authority, is that the condemnee should be allowed interest upon the compensation and damages awarded from the time the condemnor either takes possession, or becomes entitled to possession, of the property. In an extensive annotation in 36 A.L.R.2d at page 428, the annotator said:

"In the great majority of the cases, the rule has been recognized that the interest which may be recovered as part of the damages or compensation to which one whose property has been taken under the power of eminent domain is entitled, is a matter of strict constitutional right. Stated differently, when compensation is not paid coincidentally with the taking, it must include some sum in addition to the bare value of the property on the taking date, for the delay in making payment,

so that compensation may be just within the meaning of the constitutional requirement that just compensation be paid."

And further, at page 443:

"The rule appears to be well settled that the interest or damages for delay to which the owner of property is entitled in case of payment of compensation does not accompany the taking of his property for public use will be computed from the time of taking."

In an exhaustive annotation in 96 A.L.R. 18, where eminent domain cases are collected from every state in the Union and some foreign countries, authority for an award of interest prior to the taking, without offsetting the value of the use, is almost absent, and the federal rule is thus stated by the annotator:

"In the Federal courts interest is usually allowed from the time of the actual entry into possession by the condemner, unless the rule of the state wherein the land is situated requires the allowance of interest from an earlier time."  Page 150.

In 29 C.J.S., Eminent Domain, § 176 appears the following:

"Where payment of compensation does not accompany the taking of property for public use, the owner of the property ordinarily is entitled to an additional sum to compensate for the delay, awarded as interest or as damages for delay."

"Interest or damages for delay in payment of compensation is to be computed from the time of taking." § 176b.

Laramie Valley Ry. Co. v. Gradert, 43 Wyo. 268, 3 P.2d 88; Bruna v. State Highway Commission, 146 Kan. 375, 69 P.2d 743; City of Los Angeles v. Aitken, 32 Cal.App.2d 524, 90 P.2d 377, 94 P.2d 1045; Oklahoma City v. Wells, 185 Okl. 369, 91 P.2d 1077, 123 A.L.R. 662; Metropolitan Water Dist. v. Adams, 16 Cal. 2d 676, 107 P.2d 618, 116 P.2d 7; Los Angeles County Flood Control Dist. v. Hansen, 48 Cal.App.2d 314, 119 P.2d 734; Public Utility Dist. v. Washington Water Power Co., 20 Wash.2d 384, 147 P.2d 923; Heimann v. City of Los Angeles, 30 Cal.2d 746, 185 P.2d 597; Cities Service Gas Co. v. Huebner, 200 Okl. 521, 197 P.2d 985; Application of Great Lakes Pipe Line Co., 168 Kan. 100, 211 P.2d 70; State v. Deal, 191 Or. 661, 233 P.2d 242; Foster v. City of Augusta, 174 Kan. 324, 256 P.2d 121; State etc. v. Sauers, 199 Or. 417, 262 P.2d 678; Saunders v. State, 70 Nev. 480, 273 P.2d 970; State, etc. v. Superbuilt Mfg. Co., 204 Or. 393, 281 P.2d 707; Harris v. Green Bay Levee etc., 246 Iowa 416, 68 N.W.2d 69; Nashville Housing Authority v. Doyle, 197

Tenn. 555, 276 S.W.2d 722; United States v. Jordan, 6 Cir., 186 F.2d 803; United States v. 49,375 square feet of land, D.C. N.Y., 92 F.Supp. 384; Annotation 36 A.L.R.2d 337, at 413; 18 Am.Jur., Eminent Domain, §§ 272, 274, 275.

It is apparent from its decisions that had it not been for the rule of conformity, the Supreme Court of the United States would not have applied what it thought was the Idaho rule in the Brown case.

"It is settled by the decisions of this court that just compensation is the value of the property taken at the time of the taking. [Cases there cited.] And, if the taking precedes the payment of compensation, the owner is entitled to such addition to the value at the time of the taking as will produce the full equivalent of such value paid contemporaneously. Interest at a proper rate is a good measure of the amount to be added. [Cases there cited.]" Brooks-Scanlon Corp. v. United States, 265 U.S. 106, 44 S.Ct. 471, at page 474, 68 L.Ed. 934, at page 941.

Shoemaker v. United States, 147 U.S. 282, 13 S.Ct. 361, 37 L.Ed. 170; Bauman v. Ross, 167 U.S. 548, 17 S.Ct. 966, 42 L.Ed. 270; United States v. Rogers, 255 U.S. 163, 41 S.Ct. 281, 65 L.Ed. 566; United States v. Benedict, 261 U.S. 294, 43 S.Ct. 357, 67 L.Ed. 662; Seaboard Air Line R. Co. v. United States, 261 U.S. 299, 43 S.Ct. 354, 67 L.Ed. 664; Ligget & Myers Tobacco Co. v. United States, 274 U.S. 215, 47 S.Ct. 581, 71 L.Ed. 1006; Albrecht v. United States, 329 U.S. 599, 67 S.Ct. 606, 91 L.Ed. 532; Morton Butler Timber Co. v. United States, 6 Cir., 91 F.2d 884; 29 C.J.S., Eminent Domain, § 176, note 20, p. 1056.

Commenting on the Brown case in Danforth v. United States, 308 U.S. 271, 60 S.Ct. 231, at page 236, 84 L.Ed. 240, at pages 246–247, Mr. Justice Reed said:

"In Brown v. United States this Court had occasion to consider whether interest should be allowed on the value of the property from the date of summons, the day fixed by the state statute to determine compensation and damages. In that case condemnation proceeded under the federal conformity statute which directs federal courts to conform to state practice and procedure, 'as near as may be.' Interest, it was thought, was not governed by the conformity act, but should be allowed in accordance with the state law from the date of summons. This conclusion flowed from the acceptance by this Court, without question, of the day of summons as the date for the determination of value, the day of taking. Here proceedings are under a

Flood Control Act [33 U.S.C.A. §§ 702a to 702m] prescribing jurisdiction and procedure. Where the condemnation is free from statutory direction, as here, there would be no interest before the taking."

■ The order for possession was filed March 29, 1955. The judgment allowing interest from the date of summons is reversed and the cause is remanded with directions to modify the judgment by striking therefrom the provision allowing interest from May 15, 1951, and substituting therefor a provision allowing interest at the legal rate from March 29, 1955. As so modified, the judgment is affirmed.

Costs to respondent. Rawson-Works Lumber Co. v. Richardson, 26 Idaho 37, 45, 141 P. 74; Independent School Dist. v. C. B. Lauch Const. Co., 74 Idaho 502, 264 P.2d 687.

PORTER and SMITH, JJ., concur.

The late ANDERSON, J., sat at the hearing, but died before a decision was reached by the court. KEETON, Chief Justice (dissenting).

The legal question presented by this appeal is not one of first impression in this Court. The rule that should be followed applicable to the facts was decided by the Circuit Court of Appeals of the Ninth Circuit in 1911, in Weiser Valley Land & Water Co. v. Ryan, 190 F. 417; by the Supreme Court of the United States, in 1923, in Brown v. U. S., 263 U.S. 78, 44 S.Ct. 92, 69 L.Ed. 171, adhered to and followed in Village of Lapwai v. Alligier, 69 Idaho 397, 207 P.2d 1025. Some other authorities reaching the same conclusion are Territory of Hawaii v. Honolulu Plantation, 34 Haw. 859; Potter v. U. S., 91 F.Supp. 580, 117 Ct.Cl. 425; Solari v. U. S., 91 F.Supp. 765, 117 Ct.Cl. 428. For collection of cases, see 29 C.J.S., Eminent Domain, § 176, p. 1053.

Two of the Justices now concurring in the majority view, concurred in the decision written by Justice Givens in the Lapwai case, supra.

In all of the decisions above cited, it was held that interest on the amount of the award in a condemnation action is allowable from the date of the issuance of the summons to the date of the judgment.

This seems to me to be a just rule. When the summons is issued, the landowner's property is, if the property is eventually condemned, taken from him as of the date of the issuance of the summons and damages sustained accrue as of that date. Such landowner is not entitled to recover increase in value subsequent to the issuance of the summons, if any, nor can he make improvements

on the property for which he may be allowed any compensation.

If the Legislature desired to change the rule of damages and the date of the accruing of interest to be allowed on a determination of the amount of the award, it has had many opportunities so to do since the first decision allowing interest was announced.

The fact that a considerable time elapsed before the damages sustained were determined is of no importance. At the time this condemnation suit was instituted and the necessity for the taking determined, appellant could have had commissioners appointed, damages awarded and the amount determined paid to the condemnee, or deposited with the Clerk of the Court and could then have taken immediate possession of the land. This the School District failed to do. The largeness of the amount of the interest which accrued during the litigation is of no materiality. For the same period of time respondent here has been deprived of the full enjoyment of the use of the land to which it was entitled.

After the decree of necessity was entered in the District Court, it became apparent that the School District was not using the land for the purposes for which the condemnation suit was instituted. Respondent endeavored then to have returned to it the land sought to be condemned which the School District successfully resisted. See Independent School District v. C. B. Lauch Construction Co., 74 Idaho 502, 264 P.2d 687. The School District could have at that time, or any time thereafter, and even subsequent to the awarding of damages by the commissioners, abandoned the proceeding and dismissed the action simply by paying the accrued costs. Chicago, M. & S. P. Ry. v. Trueman, 18 Idaho 687, 112 P. 210.

The plain fact is, the necessity for the taking never existed. The School District owned 88.36 acres of land adjoining and adjacent to the land sought to be taken in this proceeding. See dissenting opinion in Independent School District v. C. B. Lauch Construction Co., 74 Idaho 502, at page 507, 264 P.2d 687, at page 690.

As the School District insisted on going ahead and acquiring the land I can see no reason why it should not be required to pay for it under the rules which existed when the condemnation suit was instituted.

Justice ANDERSON, prior to his death, wrote an opinion expressing similar views as are contained in this dissent. The judgment should be affirmed.