IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 36647-2009

| | | |
|---|---|---|
| CURTIS-KLURE, PLLC, dba Maple Grove Dentistry, and JACK D. KLURE, D.D.S., | ) ) ) | Boise, January 2011 Term |
| Plaintiffs-Appellants, | ) ) | 2011 Opinion No. 13 |
| v. | ) ) | Filed: February 2, 2011 |
| ADA COUNTY HIGHWAY DISTRICT, | ) ) | Stephen W. Kenyon, Clerk |
| Defendant-Respondent. | ) ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County. The Hon. Deborah A. Bail, District Judge.

The judgment of the district court is affirmed.

Givens Pursley LLP, Boise, for appellants. Martin C. Hendrickson argued.

Holland & Hart LLP, Boise, for respondent. Mary V. York argued.

---

EISMANN, Chief Justice.

## I. FACTS AND PROCEDURAL HISTORY

This case arises out of a construction project to improve the intersection of Maple Grove Road and Ustick Road. Thomas Curtis, D.D.S., (Dr. Curtis) and his wife owned interests in three parcels of real property located in Block 1 in the Fairbanks Subdivision, which is the northeast quadrant of the intersection. They owned Lot 19, on which was constructed a dental office. In addition, they owned an undivided one-third interest in Maple Grove Parking LLC, which owned Lot 17, and an undivided one-third interest in Maple Grove Professional Center Owner's Association, Inc., which owned Lot 16. Lots 16 and 17 were common areas used primarily for parking.

Jack Klure, D.D.S., (Dr. Klure) and Dr. Curtis were co-owners of a professional limited liability company known as Curtis-Klure, PLLC, through which they did business as Maple

Grove Dentistry. Dr. Curtis leased Lot 19, including the building located thereon, to Curtis-Klure under a written, ten-year lease that ended on December 31, 2006. The lease also provided that Curtis-Klure could renew the lease for two additional five-year terms.

In late 2005, the Ada County Highway District (ACHD) desired to widen Ustick Road and Maple Grove Road. To do so it needed to obtain a strip of real property thirteen feet wide along the east side of Maple Grove Road and the north side of Ustick Road. The total length of the strip was one-thousand feet. It would cross Lots 16 and 17, but it would not encroach upon any portion of Lot 19. However, it would result in the public sidewalk along the north side of Ustick Road being within several feet of the south side of the building located on Lot 19.

In January 2006, ACHD contacted Dr. Curtis to negotiate the purchase of the portion of Lots 16 and 17 needed for the road widening. In May 2006, Dr. Curtis countered with an offer to sell ACHD all of his interest in Lots 16, 17, and 19. ACHD had the properties appraised and offered to purchase them. While Dr. Curtis and ACHD were negotiating the terms of an agreement between them, he agreed to give ACHD access to a portion of the properties. On November 20, 2006, they entered into a "Right of Entry Agreement" which allowed ACHD to begin construction on the strip of property it needed, but the agreement expressly provided that "ACHD warrants that it will make every effort reasonably possible to prevent disruption of the business operations on the Property during the term of this Agreement." The Agreement would terminate upon the closing of the purchase of the three properties.

Curtis-Klure did not renew its written lease with Dr. Curtis prior to its expiration on December 31, 2006, but it continued occupying the building under a month-to-month tenancy. In April 2007, Dr. Klure moved his dental practice out of the building. On June 22, 2007, Dr. Curtis, his wife, and Curtis-Klure entered into a "Settlement Agreement" with ACHD under which ACHD agreed to purchase the Curtises' interests in the three properties. It also provided that it settled all claims the Curtises may have against ACHD. Dr. Curtis and Curtis-Klure terminated the month-to-month tenancy in the building, and in June 2007, Dr. Curtis relocated his practice. The settlement agreement did not provide for any compensation to Dr. Klure.

On September 14, 2007, Curtis-Klure and Dr. Klure (herein both called "Dr. Klure") filed this action seeking damages from ACHD. Both sides moved for summary judgment, and the district court granted summary judgment in favor of ACHD. It entered judgment dismissing all of Dr. Klure's claims, and he appealed.

## II. ISSUES ON APPEAL

A. Did the district court err in holding that Dr. Klure is not entitled to recover business damages under Idaho Code § 7-711(2)?

B. Is either party entitled to an award of attorney fees on appeal?

## III. ANALYSIS

**A. Did the District Court Err in Holding that Dr. Klure Is Not Entitled to Recover Business Damages Under Idaho Code § 7-711(2)?**

In an appeal from a summary judgment, this Court's standard of review is the same as the standard used by the trial court in ruling on a motion for summary judgment. *Infanger v. City of Salmon*, 137 Idaho 45, 46-47, 44 P.3d 1100, 1101-02 (2002). All disputed facts are to be construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *Id*. at 47, 44 P.3d at 1102. Summary judgment is appropriate if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Id*. If the evidence reveals no disputed issues of material fact, then only a question of law remains, over which this Court exercises free review. *Id*.

Idaho Code § 7-711(2) provides that "[i]f the property sought to be condemned constitutes only a part of a larger parcel," recovery can be awarded for "the damages to any business qualifying under this subsection having more than five (5) years' standing which the taking of a portion of the property and the construction of the improvement in the manner proposed by the plaintiff may reasonably cause."

In order for Idaho Code § 7-711(2) to apply, there first must be "property sought to be condemned." ACHD could not have condemned all of the property that it purchased from the Curtises. Before property can be condemned, it must appear that the proposed use is authorized by law and that "the taking is necessary to such use." Idaho Code § 7-704(2); *accord Independent School Dist. of Boise City v. C. B. Lauch Constr. Co.*, 78 Idaho 485, 488, 305 P.2d 1077, 1078 (1957) ("Under our statute, the condemnor must first establish that the taking is necessary to the intended use."). ACHD could not have condemned any portion of the property

leased by Curtis-Klure (Lot 19), nor could it have condemned most of Lots 16 and 17 that it purchased. Those properties were not necessary for the intended construction project.

Dr. Klure asks that we follow cases from other jurisdictions that hold a purchase under the threat of condemnation by an entity with that power is the same as a judicial condemnation. However, in this case, the undisputed facts are that the ACHD did not purchase the property, or any portion thereof, under the threat of condemnation. Before it could proceed with condemnation, its Commissioners would have to issue an Order of Condemnation, and they had not done so. Rather, ACHD approached Dr. Curtis seeking to purchase portions of Lots 16 and 17, and he countered by offering to sell it his interest in those lots and Lot 19, on which Maple Grove Dentistry was located. Ultimately, ACHD negotiated the purchase of all three lots.

The district court correctly concluded, based upon the undisputed facts in the record, that "[t]he property was sold by its owner, Dr. Curtis, based upon his counter-proposal, after an arms-length and protracted negotiation for the sale of all of his property interests at Maple Grove and Ustick." None of the property purchased by ACHD was "property sought to be condemned." The mere attempt by ACHD to purchase a portion of the Curtises' property was not equivalent to seeking to condemn it, nor was purchasing the property equivalent to condemning or taking it. The mere fact that ACHD had the power of condemnation did not transform its offer to purchase into either a threat of condemnation or an attempted condemnation. We affirm the judgment of the district court.

**B. Is Either Party Entitled to an Award of Attorney Fees on Appeal?**

Dr. Klure seeks attorney fees on appeal if he "prevails in this action and recovers business damages against ACHD." Since he has not prevailed, he is not entitled to attorney fees for the appeal.

In its brief, ACHD stated that it was entitled to recover attorney fees on appeal under Idaho Code § 12-121, but it did not present any argument on this issue. Therefore, it is not entitled to an award of attorney fees on appeal. *Carroll v. MBNA America Bank*, 148 Idaho 261, 270, 220 P.3d 1080, 1089 (2009).

4

## IV. CONCLUSION

We affirm the judgment of the district court. We award respondent costs, but not attorney fees, on appeal.

Justices BURDICK, J. JONES, HORTON and J. Pro Tem KIDWELL **CONCUR.**